**REFAC INTERNATIONAL, LTD., Plaintiff,**

v.

**LOTUS DEVELOPMENT CORP., Ashton–Tate Inc., Borland International, Inc., Computer Associates International, Inc., Microsoft Corporation, and Informix Software, Inc., Defendants.**

**No. 89 Civ. 5094 (MBM).**

United States District Court, S.D. New York.

May 29, 1990.

Paul Goodman, Elias and Goodman, P.C., New York City, for plaintiff.

David H. Binney, Shidler, McBroom Gates & Lucas, Seed and Barry, Seattle, Wash., Rosen Dainow & Jacobs, New York City, for defendant Microsoft Corp.

Henry B. Gutman, O'Sullivan Graev & Karabell, New York City, Fish & Richardson, Boston, Mass., for defendant Lotus Development Corp.

Steven D. Kahn, Weil, Gotshal & Manges, New York City, for defendant Computer Associates Intern., Inc.

Martin R. Greenstein, Baker & McKenzie, Palo Alto, Cal., New York City, for defendant Borland Intern., Inc.

Irell & Manella, Menlo Park, Cal., Steven M. Pesner, Anderson Kill Olick & Oshinsky, P.C., New York City, for defendant Ashton-Tate.

J. Bruce McCubbrey, McCubbrey, Bartels, Meyer & Ward, San Francisco, Cal., for defendant Informix Software, Inc.

## OPINION AND ORDER

MUKASEY, District Judge.

Defendants Lotus Development Corporation, Ashton-Tate Inc., Borland International, Inc., Computer Associates International, Inc., Microsoft Corporation and Informix Software, Inc. move to dismiss the complaint of plaintiff Refac International Ltd. ("REFAC") pursuant to Fed.R.Civ.P. 12(b)(7) for failure to join a necessary party —namely, FRS, Forward Reference Systems Ltd., the 95 percent co-owner of the patent at issue in this infringement action. Plaintiff's complaint under the patent laws of the United States alleges infringement by defendants of Patent 4,398,249, entitled "A Process and Apparatus for Converting a Source Program into an Object Program." For the reasons stated below, defendants' motion to dismiss is granted with prejudice unless FRS is added as a named party or substituted within ten days of this Opinion and Order.

### I.

The patent in question was issued to Remy Landau and Rene Pardo, Canadian inventors, on August 9, 1983. Both inventors assigned all rights and title in the patent to FRS, a Canadian corporation. On July 13, 1989, REFAC and FRS entered into a license agreement, granting REFAC a 5% interest in the patent in exchange for REFAC's obligation to sue at least two alleged infringers in federal court within one month of the effective date of the agreement. (Fink Decl., Exh. A ¶ 15) Plaintiff filed this action on July 26, 1989.

The crux of the license agreement is REFAC's obligation to sue alleged patent infringers on FRS's behalf. Failure of REFAC to do so within 20 days of the effective date of the agreement would constitute "material breach" of the agreement and would cause "automatic termination" of the agreement without further notice. (*Id.* ¶ 15) FRS has the right to terminate the license on 30 days' notice if "REFAC is not diligently negotiating or prosecuting a law suit against at least one infringer agreeable to [FRS]." (*Id.* ¶ 11(c)) FRS retains substantial rights to control and direct the litigation conducted by REFAC, including the right to approve REFAC's selection of counsel and the "terms and conditions" of such engagement (*Id.* ¶ 15), the right to be fully advised about litigation (*Id.* ¶ 9(d)), and the right to approve or reject any settlement offers REFAC might receive. (*Id.* ¶ 8(b)) REFAC agrees to "advance" all litigation fees and expenses (*Id.* ¶ 15), and REFAC and FRS agree to split equally all proceeds from REFAC's litigation efforts. (*Id.* ¶ 5(a))

Although FRS appointed REFAC its exclusive agent to license third parties to make, use and sell the technology (¶¶ 2, 4), the license does not grant REFAC the exclusive right to make or use the technology. REFAC has merely a "license to li-

cense," and even so all third party licenses are subject to FRS's approval. (*Id.* ¶ 8(a))

FRS retains broad rights to terminate the license agreement and to reclaim the 5% interest assigned to REFAC. (*Id.* ¶ 16) The agreement acknowledges that RE-FAC's 5% interest is "[t]o facilitate suit in REFAC's name as plaintiff and to avoid the need for having [FRS] named or brought into the suit as a co-plaintiff." (*Id.* ¶ 16) It is clear that REFAC is not the real party in interest.

 New York's champerty statute, N.Y. Judiciary Law § 489, provides in relevant part:

> no corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of ... any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon ...

Because REFAC is a 5% owner of the patent in question simply for the purpose of pursuing litigation on FRS's behalf, RE-FAC's agreement with FRS is nothing but a hunting license—which is to say, it is champertous and therefore void.

In cases construing N.Y. Judiciary law § 489, courts have dismissed claims based on champertous agreements because plaintiff was not the real party in interest pursuant to Fed.R.Civ.P. 17(a) and because the assignment was void. *American Optical Co. v. Curtiss*, 56 F.R.D. 26 (S.D.N.Y. 1971), *Koro Co. v. Bristol–Myers Co.*, 568 F.Supp. 280, 288 (D.D.C.1983). As in *American Optical* and *Koro*, the primary purpose for the assignment here was to enable REFAC to commence actions as FRS's surrogate plaintiff. REFAC may not recover on a champertous assignment while FRS remains outside the litigation as the real party in interest. Fed.R.Civ.P. 17(a).

If FRS does not agree voluntarily to join this action as plaintiff, this action will be dismissed with prejudice pursuant to Fed. R.Civ.P. 19(a) for failure to join a necessary party. Accordingly, this action is dis-missed with prejudice absent the substitution of FRS for REFAC as named plaintiff, or the addition of FRS as a named party, within ten days. Defendants have reserved the right to seek sanctions and fees under Fed.R.Civ.P. 11 or the relevant provisions of the patent statutes, and may pursue that remedy at the appropriate time.

SO ORDERED.