921 F.2d 1247
 16 U.S.P.Q.2d 1347
 REFAC INTERNATIONAL, LTD., Plaintiff-Appellant,
v.
HITACHI, LTD.; Adry-Mart, Inc. d/b/a Adray's; Albertson's,
Inc.; Astro; B.E. American Enterprises, Inc. a/k/a Baldwin
Discount Store; Ballanda Corporation; Best Semiconductor,
Inc.; Boston Store; Brighter Sales International, Inc.;
Carter Hawley Hale Stores, Inc.; CBM America Corporation
d/b/a Cimatron Company and Q & Q Watches; Circuit City
Stores, Inc. d/b/a Circuit City; Clarion Shoji Co., Ltd.
(U.S.A.); CMI Corporation; Consolidated Marketing
International, Corp.; Fedco; the Federated Group, Inc.;
Feldmar Watch; Fortel Corporation; Frank Traders, Ltd.
a/k/a Frank International, Ltd.; Lucky Stores, Inc. d/b/a
Gemco; Chol No Lim d/b/a Hollytron; Kenny Kawah NG d/b/a
Invasion Time Company a/k/a Invasion Time Corp.; Kraco
Enterprises, Inc.; Larry Harmon Pictures Corp.; Leuk Fu
Chan d/b/a Lesa Watch Co.; Leo's Stereo, Inc. d/b/a Leo's
Stereo; Los Angeles Dodgers, Inc.; Mattel, Inc.; 1554
Corp d/b/a the Mellinger Co.; Norman Maurer Productions,
Inc.; Osaka International Corp.; the Pep Boys Manny Mo &
Jack Cal d/b/a Pep Boys; Premium Crafters, Ltd.;
Robinson's; Sav-On-Drugs, Inc.; Scisys Computer, Inc.;
Harold G. Spahn; Thrifty Corporation d/b/a Bif Five
Sporting Goods and Thrifty Drug & Discount Stores; Tomix
Watch & Trading Co., Inc.; Totenia Watch, Inc.; Twentieth
Century Fox Corporation; Unocal Corporation; Video
Concepts; International Electronics Prods., Inc. d/b/a
Video Ten; Video Warehouse; ATA & James, Inc. d/b/a
Village Video & Audio; Rudolf Wind d/b/a Virginia
Jewelry-Watch Repair; Walconic Enterprise USA, Inc.;
Wallace Berrie Licensing; the Walt Disney Company; R & M
Parnassi, Inc. d/b/a World of Video & Audio; Lo Nan Fu
d/b/a A & A Electronics Co.; Soon Do Kim d/b/a Alvarado
Discount; Century 21 Electronics; Christian Brothers,
Inc.; Enterprex International Corp.; Ferrari Impex, Inc.;
Marketing West, Inc.; Network Time, Inc.; Specialty
Merchandise Corporation; K Mart Corp. d/b/a K Mart Discount
Stores; Master Telecom, Inc.; Rees Electronics; Sharper
Image Corporation d/b/a the Sharper Image; and Tele-Com
Products, Inc., Defendants-Appellees,
Brico International Corporation; Golden Pacific
Electronics, Inc.; Hansen Sales Corp. d/b/a Travel-Tech
International; Kin Son Electronics (USA), Inc.; Kawasaki
Motors Corporation d/b/a Kawasaki Motorcycles, U.S.A. and
Dak Industries, Inc., Defendants/Cross-Appellants.
 Nos. 89-1565, 89-1608 and 89-1609.
 United States Court of Appeals,
Federal Circuit.
 Oct. 2, 1990.
Order Dec. 13, 1990.
 
 Eric T.S. Chung, Chung & Stein, Los Angeles, Cal., argued for plaintiff-appellant. With him on the brief was Craig J. Stein.
 Surjit P. Soni, Sheldon & Mark, Pasadena, Cal., argued for defendants/cross-appellants. Breton A. Bocchieri, Poms, Smith, Lande & Rose, Los Angeles, Cal., argued for defendants/cross-appellants. With him on the brief were Guy Porter Smith and William J. Robinson.
 James A. Henricks, Pretty, Schroeder, Brueggemann & Clark, Los Angeles, Cal., for Tele-Com Products, Inc.
 Richard P. Berg and Don B. Finkelstein, Ladas & Parry, Los Angeles, Cal., for Innovative Time Corp.
 Thomas S. Kerrigan, McLaughlin & Irvin, Los Angeles, Cal., for Sav-On-Drugs.
 Michael W. Binning, Taubman, Simpson, Young, Sulentor, Long Beach, Cal., for Buffums, Inc.
 Richard E. Alexander, Alexander, Zalewa, Liss & Orloff, Chicago, Ill., for K Mart.
 Victor A. Rodgers, Spensley, Horn, Jubas & Lubitz, Los Angeles, Cal., for Pep Boys.
 Julia Holm Azrael, Belcher, Henzie & Biegenzahn, Los Angeles, Cal., for May Dept. Stores.
 Joseph W. Price, Price, Gess & Ubell, Irvine, Cal., for Saitek Industries, Inc.
 Vern Schooley, Fulwider, Patton, Lee & Utecht, Long Beach, Cal., for Video Concepts.
 John F. Kraetzer, Donahue, Gallagher, Thomas & Woods, Oakland, Cal., for Lucky Stores.
 Jerome L. Levine and Mark C. Zauderer, Neiman, Billet, Albala & Levine, Los Angeles, Cal., for Circuit City.
 Philip J. Anderson, Hagenbaugh & Murphy, Los Angeles, Cal., for Fedco, Inc. & Enterprex.
 Warren J. Soloski, Santa Monica, Cal., for Adry-Mart, Inc.
 Shigeru Watanabe, Kelley Drye & Warren, Los Angeles, Cal., for Clarion Corp.
 Paul R. Wylie, Pacific Palisades, Cal., for Fortel Corp.
 Richard F.X. Clair, The Walt Disney Co., Burbank, Cal., for Walt Disney.
 Neil R. O'Halon, Hill Wynne Troop & Meisinger, Los Angeles, Cal., for Albertsons.
 James R. Martin, Gibson, Dunn & Crutcher, Los Angeles, Cal., for Hewlett-Packard.
 Laurence H. Pretty and Craig Summers, Pretty, Schroeder, Bruggemann & Clark, Los Angeles, Cal., for Union Oil Co. of California.
 Gary A. Clark, Pretty, Schroeder, Bruggemann & Clark, Los Angeles, Cal., for Leo's Stereo, Inc.
 Roger E. Hawkins and Anthony F. Witteman, Hawkins, Schnabel & Lindahl, Los Angeles, Cal., for Mellinger Co.
 Philip C. Larschan, Premium Crafters Ltd., Westminster, Cal., for Premium Crafters.
 Maurice Wainer, Snipper, Wainer & Markoff, Los Angeles, Cal., for Tomix Watch & Trading.
 Albert F. Padley, III, Wise, Wiezorek, Timmons & Wise, Los Angeles, Cal., for Roy Thomas, Inc.
 Scott Warmuth, Law Offices of Scott Warmuth, Los Angeles, Cal., for Master Telecom, Inc.
 Richard G. Blair, Morgan, Miller & Blair, Walnut Creek, Cal., for Impact Merchandising Corp.
 Before MARKEY*, Circuit Judge, BENNETT, Senior Circuit Judge, and CONTI, Senior District Judge.**
 MARKEY, Circuit Judge.
 
 
 1
 Refac International, Ltd. (Refac) appeals from an order of the United States District Court for the Central District of California, No. CV 87-6191 TJH (Bx) (May 15, 1989), entering judgment of noninfringement in favor of Hitachi, Ltd. et al. (appellees) and dismissing the action, pursuant to Rule 37(b)(2), Fed.R.Civ.P. Brico International Corporation et al. (cross-appellants) appeal from that part of the order denying sanctions for alleged violation of Rule 11, Fed.R.Civ.P. We affirm the order of dismissal, award attorney fees and double costs to appellees pursuant to Rule 38, Fed.R.App.P., and remand for consideration of cross-appellants' request for an appropriate Rule 11 sanction.
 
 BACKGROUND
 
 2
 As stated in its 1987 Annual Report, Refac's primary business is licensing and technology transfer, with a staff of patent law experts "prepared to litigate without financial risk to its clients."[1] According to Refac's then president, Phillip Sperber, "It only makes sense to use the cost of litigation as a bargaining leverage to force a settlement on terms favorable to the party that can litigate the matter to death without worrying about the cash flow." Sperber, Overlooked Negotiating Tools, Les Nouvelles, June 1985, at 81 (cited in Refac Int'l, Inc. v. IBM, et al., 710 F.Supp. 569, 571, 11 USPQ2d 1476, 1478 (D.N.J.1989)).
 
 
 3
 On September 17, 1987, Refac, alleged owner of United States Patent Nos. 3,744,049 ('049), 3,855,783 ('783),[2] 3,955,355 ('355) relating to liquid crystal display (LCD) technology, filed suit charging infringement of those patents by one hundred and eighteen original defendants (some have since entered settlements with Refac; some were Refac's own licensees when it sued them). Refac contended that the sale of any LCD device infringed its patents. See, e.g., Transcript of July 12, 1988 Hearing on Motion to Compel Discovery at 4; Supplemental Answer to Interrogatories Pursuant to Order of Court dated July 12, 1988 at 2.
 
 
 4
 Defendants attempted through interrogatories and requests for document production to discover the bases for Refac's allegations of infringement. Defendants found it necessary to move to compel discovery, pursuant to Rule 37, Fed.R.Civ.P.,[3] and moved for sanctions pursuant to local rules. After a July 12, 1988 hearing on the motions, the magistrate[4] that day ordered the following:
 
 
 5
 Not later than October 28, 1988, plaintiff shall respond to pending discovery specifically stating (1) which products are infringing o[f] each defendant; (2) which elements of each claim are present in the accused devices and (3) which elements of each claim are present in each accused device under the doctrine of equivalents. Plaintiff's counsel is warned that he shall henceforth meet discovery deadlines, or else before they expire obtain an extension of time from this court. Further delinquencies shall be punished, but any discovery otherwise due before July 26, 1988, shall be timely if made by that time.
 
 
 6
 The magistrate sanctioned Refac's attorney in the amount of $250 for refusal to cooperate in discovery, a direct violation of Local Rule 7.15.4, Central District of California Local Rules.[5]
 
 
 7
 On October 28, 1988, Refac filed its "Supplemental Answer to Interrogatories Pursuant to Order of Court dated July 12, 1988" (the October 28 response). Refac claimed that '049 claims 1-9 were infringed by any LCD: "It is plaintiff's position that all LCD's have the elements defined by, and included in, said Claims 1 to 9." Refac stated that its attached "Element by Element Analysis of Why Patent No. 3,744,049 Is Infringed By Each Product Listed In The Case" identified which elements of the claims were present in each of what it called the accused devices. Refac did not identify the elements of any specific product corresponding with the patent claim elements, made no reference to literal infringement or infringement by equivalents, and provided no analysis whatever respecting the '355 or '783 patents.[6]
 
 
 8
 On February 7, 1989, defendants DAK Industries and Kawasaki Motors Corp. filed a motion for dismissal and award of attorney fees, pursuant to Rules 11[7] and 37, Fed.R.Civ.P., and 28 U.S.C. Sec. 1927,[8] on the grounds: (1) Refac violated the February 12, 1988 order commanding response to interrogatories seeking infringement contentions; (2) Refac admitted that its complaint was not based on comparison of any accused products to the asserted patent claims; (3) Refac filed its complaint in bad faith for harassment.
 
 
 9
 On February 12, 1989, cross-appellants filed an additional motion for sanctions, requesting discovery compulsion, evidence exclusion, taking particular matters as established, judgment of invalidity, judgment of noninfringement, and/or dismissal, pursuant to Rules 11, 26,[9] 37, Fed.R.Civ.P., Local Rules 6,[10] 7.15.2,[11] and 27, and 28 U.S.C. Sec. 1927. Other defendants joined the motions.
 
 
 10
 After a hearing on the motions, the magistrate found that Refac: inadequately responded to discovery requests respecting the three issues set forth in the July 12, 1988 Order; failed to establish sufficient excuse for its delinquency; deliberately and knowingly violated the order; failed to tender specific discovery requested by movants; and prejudiced defendants by the delay. Respecting discovery generally, the magistrate found that Refac had steadfastly, consistently, and deliberately denied the defendants the discovery they diligently pursued, stating:
 
 
 11
 [D]efendants have labored under the cloud of the suit which plaintiff has prevented them from effectively defending, causing them loss of business and business opportunities and considerable legal expenses. It is not the duty of defendants, as plaintiff suggests ... "to make their own technical analysis of infringement in order to intelligently decide whether to fight or settle."
 
 
 12
 Refac Int'l, Ltd. v. Hitachi, Ltd. et al., No. CV 87-6191 TJH (Bx), Order at 8 (C.D.Cal. Feb. 22, 1989). The magistrate said Refac's inability to respond fully to discovery requests raised at least the suspicion that the action was originally filed in violation of Rule 11. However, the magistrate denied without prejudice the Rule 11 motions, suggesting they be renewed before the district court.
 
 
 13
 Accordingly, in a February 22, 1989 order, the magistrate stayed the action, recommending that the district court: (1) direct entry of a judgment of noninfringement as to each defendant; (2) direct entry of a judgment dismissing Refac's complaint with prejudice; and (3) consider initiating a Rule 11 inquiry. The magistrate ordered Refac to pay defendants' reasonable attorney fees and costs for the motions pursuant to Rule 37(a)(4), Fed.R.Civ.P.
 
 
 14
 Cross-appellants thereafter filed in the district court a motion for sanctions, pursuant to Rules 11 and 26(g), Fed.R.Civ.P., Local Rule 27, Central District of California Local Rules,[12] 28 U.S.C. Sec. 1927, and 35 U.S.C. Sec. 285.[13] Cross-appellants sought a judgment of invalidity, attorney fees, and other monetary sanctions. Refac filed a motion for reconsideration of the magistrate's February 22, 1989 order. The district court consolidated the motions and heard oral argument on April 3, 1989.
 
 
 15
 At the hearing, Judge Hatter stated his intent to deny the motion for Rule 11 sanctions, on the basis that "I don't believe it is necessary at this time." The court further stated its intent to dismiss pursuant to Rule 37(b)(2)(C) without prejudice to refiling on other products. The court indicated that if Refac refiled, the court would appoint an expert to investigate the basis of the suit.
 
 
 16
 On May 15, 1990, the district court ordered, pursuant to Rule 37(b)(2), Fed.R.Civ.P., that: (1) a judgment of noninfringement be entered respecting each of defendants' products having an LCD made, used, imported, sold or offered for sale before May 15, 1990; and (2) the action be dismissed with leave to amend the complaint to assert infringement against other products. The district court further ordered, without giving reasons, that the motion for Rule 11 sanctions be denied, awarded defendants their fees in opposing Refac's motion for reconsideration, and did not rule on any of the other asserted bases for sanctions.
 
 ISSUES
 
 17
 1. Did the district court abuse its discretion in applying Rule 37 sanctions?
 
 
 18
 2. Did the district court abuse its discretion in declining to apply Rule 11 sanctions?
 
 DISCUSSION
 Rule 37 Sanctions
 
 19
 This case presents a procedural question not unique to patent law; thus, the law of the Ninth Circuit applies. See Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1362, 13 USPQ2d 1967, 1970 (Fed.Cir.1990); Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1574-75, 223 USPQ 465, 471 (Fed.Cir.1984).
 
 
 20
 In reviewing Rule 37 sanctions, the question is whether the district court abused its discretion. Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379 (9th Cir.1988). Severe sanctions such as taking allegations as established and awarding judgment on that basis, dismissal and default judgment are authorized only in extreme circumstances. United States for the Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir.1988). To warrant imposition of these severe sanctions, the violations must be due to willfulness, bad faith or fault. Id. The district court must take into account: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id.; Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988).
 
 
 21
 A. Refac's Noncompliance with the Discovery Order
 
 
 22
 Refac argues that the district court abused its discretion when it acted on a clearly erroneous finding of noncompliance with the magistrate's July 12, 1988 order. Further, Refac contends that no facts support the court's implicit bad faith finding. In its brief, Refac refers us, irrelevantly, to a response it filed in a different district court action.[14]
 
 
 23
 The finding of noncompliance with the July 12, 1988 order is not clearly erroneous. On the contrary, noncompliance is clear from the very face of the October 28 response because that response: (1) was not directed to any specific defendant or any specific accused products; (2) failed to identify the elements of specific products corresponding with patent claim elements; (3) failed to include any analysis of the '355[15] or '783[16] patents in suit; and (4) was based on the admittedly erroneous assertion that any LCD infringed the '049 patent.[17]
 
 
 24
 The magistrate's purpose in issuing its order was to require Refac to establish with particularity as to each defendant and each product the basis for its infringement allegations:
 
 
 25
 At least one of the defendants reads my order to require you to produce what is called an infringement analysis. Certainly it was the intent of the order, and I think it may be fairly read to require that you tell each of the defendants what of their products and what portions of their products infringe what portions of your patents.
 
 
 26
 Transcript of February 22, 1989 Hearing at 9. Refac's generalized response violated both the letter and the spirit of the order. The district court correctly determined that Refac failed to comply with the July 12, 1988 order.
 
 
 27
 Though the district court did not enter a written finding on the matter, it affirmed the magistrate's order in which willfulness was explicitly found. The parties have assumed that the district court found Refac's conduct willful. And rightly so. The extent of Refac's noncompliance in itself supports the willfulness finding. Its inability to spell out a proper basis for charging infringement more than a year after bringing suit highlights its willfulness. Further, the magistrate's clearly correct findings that Refac steadfastly, consistently and deliberately denied discovery to which defendants were entitled, that Refac's counsel was grossly delinquent in keeping promises to opposing counsel, in honoring their other duties imposed by the Federal Rules of Civil Procedure, and in according opposing counsel rudimentary professional courtesy also support the willfulness finding.
 
 
 28
 Refac contends that its compliance with numerous other discovery requests and interrogatories indicates its good faith. The argument is as specious as that of X, on trial for murdering Y, that he did not murder Z. It could persuade no one that any error occurred in the determination that Refac willfully failed to comply with the magistrate's July 12, 1988 order.
 
 B. Choice of Sanctions
 
 29
 Refac argues that the district court abused its discretion in applying a sanction of dismissal in light of its good faith, compliance with other discovery requests, the availability of less drastic sanctions, and the absence of explicit warning.
 
 
 30
 Refac's bad faith and noncompliance with the magistrate's order are addressed above. Respecting less drastic sanctions, the magistrate recommended disposing of the action because "it would be unjust to permit this action to continue" in light of Refac's refusal to cooperate in the face of the magistrate's previous warnings and sanctions. February 22, 1989 order at 9. The district court took into consideration the five Malone factors, including availability of lesser sanctions, indicating that it could have dismissed with prejudice rather than providing Refac the opportunity to amend alleging infringement of products other than those disposed of in its order. The sanctions applied were carefully crafted to end Refac's discovery abuses, and any lesser sanction would have been insufficient in light of Refac's conduct. Refac falls far short of showing abuse of discretion in the selection of an appropriate sanction.
 
 
 31
 In arguing for the need of warning, Refac cites United States v. National Medical Enters., Inc., 792 F.2d 906, 910 (9th Cir.1986) and Kahaluu Constr., 857 F.2d at 604-05. National Medical is distinguishable because the Ninth Circuit considered the dismissal an exercise of the court's inherent powers rather than a Rule 37(b) dismissal. In Kahaluu, the court stated that a warning is not always required to dismiss with prejudice, particularly where, as here, there are egregious circumstances. Kahaluu Constr., 857 F.2d at 600. We view the harm to the present defendants in being rendered unable to prepare their defense as the type of egregious circumstances referred to in Kahaluu.
 
 
 32
 Finally, Refac wastes the time and resources of the court in asserting an absence of warning. First, Rule 37 itself provides for dismissal and default judgment for failure to obey a discovery order. Presumably counsel was aware of the order and could hardly have been surprised. Indeed, the magistrate gave more than adequate warning in his July 12, 1988 hearing, in plenty of time for Refac to rectify its conduct when he stated his intent to punish further delinquencies. The magistrate stated in his order:
 
 
 33
 Plaintiff's counsel is warned that he shall henceforth meet discovery deadlines, or else before they expire obtain an extension of time in this court. Further delinquencies shall be punished ...
 
 
 34
 Refac Int'l, Ltd. v. Hitachi, Ltd. et al., No. CV 87-6191 TJH (Bx), Order at 2 (C.D.Cal. July 12, 1988). The dismissal comported with Ninth Circuit law.
 
 C. Other Issues
 
 35
 Refac argues, disingenuously, that the district court "rubber stamped" the magistrate's findings, accepting them without considering Refac's objections and denying de novo review. The argument is belied by the record of the April 3, 1989 hearing, during which the district court demonstrated its intimate knowledge and treatment of the facts, the magistrate's findings, and Refac's objections.
 
 
 36
 Refac also contends that the award to defendants of attorney fees incurred in opposing its motion for reconsideration was an abuse of discretion. Refac's position on that motion, however, was so clearly unjustified that it would have been unfair and unjust to require defendants to pay for contesting it. The attorney fees award was proper.
 
 D. Rule 38 Sanctions
 
 37
 "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Rule 38, Fed.R.App.P. Refac's two main arguments (that it did comply with the order and that the court abused its discretion in choosing too harsh a sanction) are purely conclusory and clearly contrary to the record, as revealed by the above discussion.
 
 
 38
 Refac professes compliance with the magistrate's order, but the very face of its October 28 response belies that assertion. Refac professes good faith, but its conduct throughout this action belies good faith. Refac contends that the dismissal was contrary to Ninth Circuit law, but the cases it cites do not support its argument. Refac's attack is primarily on fact findings or discretionary matters, all of which are amply supported by the record, a record Refac simply ignores. Nowhere does Refac show any finding to have been clearly erroneous. Nowhere does Refac show any basis for finding an abuse of discretion. Refac nowhere shows any error of law and nowhere argues for any change in the law. Refac's appeal is frivolous; accordingly, we sanction Refac and require it to pay to defendants the sum of their attorney fees and double their costs on this appeal.[18]
 
 Rule 11 Sanctions
 
 39
 The Supreme Court recently enunciated the standard for review of Rule 11 sanctions: all aspects of Rule 11 determinations are reviewed under an abuse of discretion standard. Cooter & Gell v. Hartmarx Corp., --- U.S. ----, ----, 110 S.Ct. 2447, 2461, 110 L.Ed.2d 359 (1990).
 
 
 40
 Cross-appellants argue that Refac's complaint and its October 23 response were signed by its counsel without conducting a reasonable inquiry into whether the papers were well-grounded in fact or warranted by law. Cross-appellants contend that "[a] district court has no discretion to refuse to declare a Rule 11 violation where the uncontroverted facts disclose a failure to make 'reasonable inquiry.' "
 
 
 41
 The magistrate stated that he was "expressly going to duck the Rule 11 question", Transcript of February 22, 1989 Hearing at 39, recommending in its order issued the same day that the motions be renewed before the district court because Refac's inability to respond fully to discovery requests and Refac's counsel's responses at the July 12, 1988 hearing raised at least the suspicion that the complaint was signed in violation of Rule 11.
 
 
 42
 At the April 3, 1989 hearing, the district judge said he intended to deny the motion for Rule 11 sanctions because "I don't believe it is necessary at this time" and that he would consider the motion for Rule 11 sanctions if the complaint was amended. Transcript of April 3, 1989 Hearing at 14. We cannot know from the district court's naked statement in its order, "Defendants' motion for Rule 11 Sanctions be, and hereby is, denied", whether it determined that Refac's counsel did or did not violate Rule 11 by signing the complaint without reasonable inquiry respecting infringement by each of 118 defendants, including its own licensees. The Supreme Court stated in Cooter & Gell, "In considering whether a complaint was supported by fact and law 'to the best of the signer's knowledge, information, and belief,' a court must make some assessment of the signer's credibility," 110 S.Ct. at 2459, and "a district court's ruling that a litigant's position is factually well grounded and legally tenable for Rule 11 purposes is similarly fact-specific." 110 S.Ct. at 2460. We may speculate that the court denied the motions for Rule 11 sanctions in light of the Rule 37 sanction imposed, but speculation is an inappropriate basis for review of that denial and filing an unfounded complaint would be of at least equal and normally greater impact than the discovery abuse sanctioned here. Cooter & Gell, --- U.S. at ----, 110 S.Ct. at 2457 (Rule 11 is aimed at curbing baseless filings which put the machinery of justice in motion, burdening courts and individuals alike with needless expense and delay).
 
 
 43
 Rule 11, Fed.R.Civ.P., provides in pertinent part:
 
 
 44
 If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....
 
 
 45
 (Emphasis added). While the choice of "appropriate sanction" is discretionary, the imposition of sanctions once a violation has been found is mandatory.[19] 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, at 223 (and cases cited therein) (Supp.1989). Rule 11 was amended in 1983 to include the "shall impose" mandatory language. The advisory committee notes to Rule 11 regarding the 1983 amendment indicate that the purpose of adding the mandatory language was to reduce the reluctance of courts to impose sanctions. See also Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir.1986) (Rule 11 is intended to be vigorously applied to curb widely acknowledged abuse). The advisory committee notes further recognize both the mandatory and discretionary aspects:
 
 
 46
 And the words "shall impose" in the last sentence focus the court's attention on the need to impose sanctions for pleading and motion abuses. The court however, retains the necessary flexibility to deal appropriately with violations of the rule. It has discretion to tailor sanctions to the particular facts of the case, with which it should be well acquainted.
 
 
 47
 We heed the words of the Court in Cooter & Gell, --- U.S. at ----, 110 S.Ct. at 2459: "Familiar with the issues and litigants, the district court is better situated than the court of appeals to marshall the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11." Accordingly, we remand to the district court for it to determine whether Rule 11 was violated when the complaint was signed and, if it so finds, to impose an appropriate sanction upon the person who signed it or upon Refac or upon both.
 
 COSTS AND SANCTIONS
 
 48
 Refac's sanction for bringing a frivolous appeal is payment to defendants of the sum of their attorney fees and double their costs in responding to the appeal. Each party is to bear its own costs respecting the cross-appeal.
 
 
 49
 AFFIRMED-IN-PART AND REMANDED.
 
 ORDER
 
 50
 Upon consideratin of applications for attorney fees and costs, and Refac International, Ltd.'s (Refac's) responses thereto, it is OFDERED:
 
 
 51
 That Refac shall pay to the following parties the amounts indicated:
Kawasaki Motors Corp., U.S.A...................... $ 70,343.12
Brico International Corporation, Golden
Pacific Electronics, Inc., Hansen
Sales Corp., dba Travel Tech
International, Kinson Electronics (USA, Inc.) .... $124,110.12
Tele Com Products Corp............................ $ 6,063.62
Leo's Stero, Inc.................................. $ 5,927.41
The May Department Stores Company ................ $ 2,880.27
Circuit City Stores, Inc.......................... $ 2,799.25
 
 
 
 *
 Circuit Judge Markey vacated the position of Chief Judge on 27 June 1990
 
 
 **
 Senior District Judge Samuel Conti of the Northern District of California, sitting by designation
 
 
 [1]
 Refac's practice was found champertous in Refac Int'l, Ltd. v. Lotus Dev. Corp. et al., 131 F.R.D. 56, 58 (S.D.N.Y.1990), in which the court stated: "Because Refac is a 5% owner of the patent in question simply for the purpose of pursuing litigation on FRS's [95 percent co-owner] behalf, Refac's agreement with FRS is nothing but a hunting license--which is to say, it is champertous and therefore void."
 
 
 [2]
 The '783 patent was declared invalid by partial summary judgment, Refac Int'l, Ltd. v. Hitachi, Ltd. et al., No. CV 87-6191 TJH (Bx) (C.D.Cal. Nov. 14, 1988), on the basis of collateral estoppel in light of Refac Elec. Corp. v. R.H. Macy & Co., 9 USPQ2d 1497, 1989 WL 93835 (not for publication) (D.N.J.1988), aff'd without opinion, 871 F.2d 1097 (Fed.Cir.1989). Refac's failure respecting discovery occurred in part before the '783 patent was declared invalid
 
 
 [3]
 Rule 37, Fed.R.Civ.P., reads in pertinent part:
 (a) Motion for Order Compelling Discovery. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery....
 (b) Sanctions by Court in Which Action is Pending. If a party ... fails to obey an order to provide or permit discovery, including an order made under subdivision (a) ..., the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
 (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
 (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ...
 In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
 
 
 [4]
 United States Magistrate Volney V. Brown, Jr. (the magistrate) presided over the case during discovery. District Judge Terry J. Hatter reviewed the magistrate's findings
 
 
 [5]
 Local Rule 7.15.4 reads:
 Cooperation of Counsel--Sanctions. The failure of any counsel to cooperate in such procedures and attend the meeting of counsel or provide the moving party the information necessary to prepare the stipulation required by Local Rule 7.15.2 within seven (7) days of the meeting of counsel provided in Local Rule 7.15.1 shall result in the imposition of sanctions, including but not limited to the sanctions provided in Local Rule 27 and FR Civ P 37.
 
 
 [6]
 In its October 28 response, Refac said the action was at that time "stayed" with respect to the '783 patent because it had been held invalid in another case. See supra note 2. The record reflects no court ordered stay as of October 28, 1988, no request for stay, and no indication that defendants had agreed to a stay. A stay is a matter for the court to decide; it is not created at the unilateral election of a party
 
 
 [7]
 Rule 11 reads:
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 [8]
 Section 1927 reads:
 Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 28 U.S.C. Sec. 1927 (1988).
 
 
 [9]
 Rule 26 provides in pertinent part:
 (g) Signing of Discovery Requests, Responses, and Objections. Every request for discovery of response or objection thereto made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection, and that to the best of the signer's knowledge, information and belief formed after a reasonable inquiry it is: (1) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation....
 If a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.
 
 
 [10]
 Local Rule 6 reads:
 
 
 [6]
 1. Time of Early Meeting. Within twenty (20) days after service of the answer by the first answering defendant, and thereafter as each defendant answers, counsel for the parties shall meet in person for the purposes set forth below. Where there are multiple defendants, counsel for the plaintiff shall take all reasonable steps to schedule the meeting so counsel for all parties can attend
 
 
 [6]
 2. Report to Court. Within fourteen (14) days after the Early Meeting, those attending are mutually obligated to file a Joint Report of Early Meeting with the Court setting forth a preliminary schedule of discovery for each party; discussion of the likelihood of settlement; discussion of the likelihood of appearance of additional parties; a preliminary estimate of the time required for trial; and any other information which may be helpful to the Court in setting the case for Status Conference and/or the Pre-Trial Conference
 
 
 [11]
 Local Rule 7.15.2 reads:
 
 
 [7]
 15.2. Moving Papers. If counsel are unable to settle their differences, they shall formulate a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue. The stipulation must be set forth in one document which shall contain all such issues in dispute and the contentions and points and authorities of each party. The stipulation shall not refer the Court to other documents in the file.... The stipulation shall be filed and served with the notice of motion. In the absence of such stipulation, or a declaration of counsel of non-cooperation by the opposing party, the Court will not consider any discovery motion unless otherwise ordered upon good cause shown
 
 
 [12]
 Local Rule 27 reads:
 
 
 [27]
 1. Penalty--Violation of rule. The violation of or failure to conform to any of these Local Rules, the FR Civ P, FR Crim P or FR App P, shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances
 
 
 [13]
 Section 285 reads:
 The court in exceptional cases may award reasonable attorney fees to the prevailing party.
 35 U.S.C. Sec. 285 (1988).
 
 
 [14]
 Included in the record was an order in Refac Elec. Corp. v. A & B Beacon Business Machs. Corp., No. 85-Civ.-8563 (RWS) (S.D.N.Y. Aug. 4, 1986) (requiring Refac to serve a paper identifying separately as to each defendant (a) each allegedly infringing device by manufacturer name and model number; (b) the specific claims of the '355 patent alleged to be infringed by each device; (c) for each claim and device, a claim chart showing the specific manner in which each limitation in the claim is met by the structure of the accused device). The order further provided that to the extent (a) was not met, Refac would have no claim of infringement
 If Refac's conduct in other litigation were relevant, the argument would remain baseless, for it says nothing about whether there was a request for sanctions and nothing about the court's action on any such request.
 
 
 [15]
 Respecting the '355 patent, Refac produced on February 24, 1988 a document entitled "No. 3,955,355 Is Infringed" in response to Interrogatory 19 of defendant Golden Pacific Electronics, Inc. That so-called analysis was even more vague and conclusory than the October 28 response and suffers from the same above listed inadequacies. Defendants objected to the '355 analysis as insufficient. That insufficiency was not cured in the October 28 response which supplied no analysis respecting the '355 patent
 
 
 [16]
 See supra note 6
 
 
 [17]
 In the October 28 response, Refac stated "It is plaintiff's position that all LCD's have the elements defined by, and included in, said Claims 1 to 9." Refac's position was allegedly based on a February 27, 1987 report of its expert, Stephen Fowler, which stated that "Virtually all LCD display products could be described by the elements of Luce '049." Joint Appendix at 1310-11. That that assertion was unfounded was confirmed in Fowler's February 16, 1989 Declaration, wherein he admitted that it was not impossible to produce a noninfringing design because LCDs made prior to the late 1970s used noninfringing designs. Fowler also admitted (in 1989!) that he would not be in a position to testify that all LCD products sold in the 1980s infringe the '049 patent until after he reviewed more circuit designs. Declaration at 3 (emphasis added). Fowler further noted that his 1987 report never mentioned infringement, that he "never said it was impossible to produce an LCD product without infringing one of the three Refac patents," and that his 1987 report "never discussed the other Refac LCD patents, namely the '355 patent and the '783 patent." Declaration at 4-5
 
 
 [18]
 Exclusive of attorney fees and costs incurred in the cross-appeals
 
 
 [19]
 At least one court has said that the discretion in choosing sanctions includes imposing no sanctions. See Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir.1986) (de minimis violation of Rule 11 does not warrant imposition of sanctions). However, the Ninth Circuit appears to require imposition of some sanction anytime a violation is found. See Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1540 (9th Cir.1986) (sanctions under Rule 11 are mandatory)