HI–TEK BAGS, LIMITED, a foreign corporation, and Tri–Tek Inc., a/k/a Hi–Tek Designs London (U.S.A.) Inc., a California corporation, Plaintiffs,

v.

BOBTRON INTERNATIONAL, INC., a California corporation, Cheval Design Studio Ltd., a foreign corporation, Pink House L.A., a business, Tommy Tsang, an individual, Wayne Chan, an individual, Charles De Torre, an individual, Rush Hour Clothing, a/k/a Boy London, a business, Gigi Accessories Wholesalers, Inc., a California corporation, Miracles, a/k/a City Limits, a business, Avi Levy, an individual doing business as Miracles, Sahi Levy, an individual doing business as Miracles,

Oko International Co., a Florida corporation, Ka Cheung Liang, an individual, Wing Fung Liang, an individual, and Invasion Time Corporation, a/k/a Giordano, a California corporation, Defendants.

No. 92 3431 R.

United States District Court, C.D. California.

Oct. 27, 1992.

Surjit P. Soni, Casey Heeg, Sheldon and Mak, Pasadena, for plaintiffs.

Edward D. Donovan, Woodland Hills, Cal., for defendants Bobtron Intern., Inc., Rush Hour Clothing a/k/a Boy London, Gigi Accessories Wholesalers, and Invasion Time Corporation a/k/a Giordano.

Breton A. Bocchieri, Poms, Smith, Lande & Rose, Los Angeles, Cal., for defendants Bobtron Intern., Inc., and Rush Hour Clothing a/k/a Boy London.

Donald J. Kula, Scott R. Miller, Riordan & McKinzie, Los Angeles, Cal., for defendant Bobtron Intern., Inc.

Ruben F. Sanchez, Leonardo & Sanchez, Woodland Hills, Cal., Joseph Zallen, P.A., Fort Lauderdale, Fla., for defendants OKO Intern. Co., Ka Cheung Liang and Wing Liang.

Robert M. Freedman, Tharpe & Howell, Los Angeles, Cal., for defendant Gigi Accessories Wholesalers, Inc.

### AMENDED ORDER GRANTING MOTION FOR CIVIL CONTEMPT

REAL, Chief Judge.

Before this Court is the issue of certain acts of civil contempt on the part of plaintiffs Hi–Tek Bags, Ltd., Tri–Tec, Inc. a/k/a Hi Tek Designs London (USA), Inc. (hereinafter "Hi–Tek") and Hi–Tek's counsel, the law firm of Sheldon & Mak, as brought to this Court's attention by the motion for contempt filed by defendant Bobtron International, Inc. (hereinafter "Bobtron") and the Joinder in that motion filed by Rush

Hour Clothing a/k/a Boy London ("Boy London"). On August 24, 1992, the Court held a hearing on these motions (hereinafter "defendants' motions"). The Court, having considered the parties' briefs, memoranda, declarations and exhibits as well as all matters of record in this case, including the argument of counsel at the hearing, makes the following findings and conclusions:

## FINDINGS OF FACT

1. On June 5, 1992, Hi–Tek filed a complaint against Bobtron International, Inc., Cheval Design Studio, Ltd., Pink House L.A., Tommy Tsang, an individual, Wayne Chan, an individual, Charles De Torre, an individual, Rush Hour Clothing, a/k/a Boy London, Gigi Accessories Wholesalers, Inc., Miracles a/k/a City Limits, Avi Levy, Sahi Levy, Oko International Co. ("Oko"), a Florida corporation, Ka Cheung Liang, an individual, Wing Fong Liang (the "Oko Defendants"), an individual and Invasion Time Corporation, a/k/a Giordano.

2. Plaintiffs' complaint purports to assert claims for:

(1) Copyright infringement;

(2) Federal and state unfair competition; and

(3) Common law trademark infringement.

3. With the filing of plaintiffs' complaint, plaintiffs also filed a Motion for a Preliminary Injunction which sought to restrain certain of the named defendants from selling various watches and watchbands identified in the complaint and in plaintiffs' moving papers. The hearing for this motion was set for July 6, 1992 in this Court. At plaintiffs' request, the Court denied an *ex parte* Application by Bobtron to extend this hearing date.

4. In addition to the complaint and preliminary injunction, on June 5, 1992, plaintiffs also filed an *Ex Parte* Application for an Order for Expedited Discovery and Restraining Destruction of Evidence. In plaintiffs' memorandum supporting the application, plaintiffs specifically stated:

"Plaintiffs appreciate that they are seeking business records of defendants, and that defendants may regard these records as being commercially sensitive and containing trade secrets. Accordingly, plaintiffs stipulate and agree to limit the dissemination of any information or things acquired in the expedited discovery to the counsel, until the court orders otherwise." [Plaintiffs' Memorandum Re: Ex Parte Application, p. 10.]

5. On June 8, 1992, this Court heard and granted plaintiffs' *Ex Parte* Application for Expedited Discovery, etc., without notice to the defendants. Paragraph six of this Court's Order re Expedited Discovery and Restraining Destruction of Evidence (the "Expedited Discovery Order") specifically provided that:

"Until the court orders otherwise, dissemination of the information acquired is limited to plaintiff, counsel's in-firm staff, and to court reporters, ..."

6. After this Court entered the Expedited Discovery Order, plaintiffs' counsel along with certain principals of the plaintiffs entered certain defendants' business premises accompanied by on duty municipal police officers. At this time, documents and property of certain defendants were seized by plaintiffs.

7. Bobtron, Boy London and certain other of the named defendants opposed plaintiffs' motion for a preliminary injunction. This opposition was supported by declarations of various individuals on behalf of the opposing defendants.

8. On June 30, 1992, defendants filed a Motion for Sanctions under Rule 11 of the F.R.Civ.Pro. and for civil contempt. At plaintiffs' request, the hearing on defendants' motion was set for July 6, 1992, contemporaneous with the hearing on plaintiffs' Motion for a Preliminary Injunction.

9. At the hearings before this Court on July 6, 1992, plaintiffs and their counsel were sternly chastised for plaintiffs' use of municipal peace officers, improperly seizing documents and allowing plaintiffs' principals to be present while receiving discovery, in violation of this Court's Expedited Discovery Order. Plaintiffs were found in

contempt and were sanctioned a total of $20,000.

10. The OKO Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. Plaintiffs opposed this motion. Plaintiffs, by *Ex Parte* Application sought to postpone the hearing on the Oko Defendants' motion. In so doing, plaintiffs attached documents which plaintiffs identified as "invoices [that] were obtained through expedited discovery from the Bobtron defendants on June 11, 1992." [Plaintiffs' opposition brief to Oko's Motion at page 5, fn. 2.] (hereinafter "Confidential Information"). In plaintiffs' Application, they argued that these invoices disclosed the systematic and continuous pattern of sales into California by Oko.

11. The Confidential Information included pricing and sourcing information which was not generally known to the public and which gave Bobtron and Boy London competitive advantages over others who did not have this information, as detailed in the present motion for contempt filed by Bobrton and the joinder filed by Boy London, and the accompanying declarations.

12. When the documents containing the Confidential Information were filed with this Court, they were not filed under seal, thereby permitting the public access to them. In addition, the documents containing the Confidential Information were also served on each of the defendants to this action, thereby disclosing the Confidential Information to each defendant. Some of these defendants are competitors of Bobtron and Boy London.

13. In plaintiffs' opposition to defendant Bobtron's prior *Ex Parte* Application for a continuance of the hearing date for plaintiffs' motion for a preliminary injunction, plaintiffs represented to this Court that a continuance was not proper, in part, because the entire relevant industry was monitoring this case and that plaintiffs needed the widespread "publicity" that would follow the entry of a preliminary injunction.

14. Plaintiffs' disclosure of the Confidential Information violated this Court's Expedited Discovery Order. In a case that plaintiffs previously asserted is of a very high profile, the Court finds that this disclosure has impermissibly prejudiced defendants irreparably by jeopardizing the confidential nature of the Confidential Information. The Court finds that the credible declaration of Bobtron's Vice President, Charles De Torre, specifies this prejudice to the Bobtron defendants, as does the credible declaration of Benjamin Shprung which also establishes prejudice to Boy London. The disclosure of this competitively sensitive information may well be used to undercut the defendants' sales and/or revenue and thus result in a loss of market share. The Court finds that the disclosure of the Confidential Information is utterly inconsistent with the orderly administration of justice and the terms of this Court's Expedited Discovery Order.

15. Despite the Court's prior chastisements, warnings and sanctions, plaintiffs have failed to control or abate their actions.

16. Plaintiffs' counsel has apologized to the Court for the aforementioned violations. Notwithstanding this statement, the Court finds that plaintiffs' Opposition to the present Motion for Contempt misstates the law, fails to adequately address the issues presented by the plaintiffs' conduct in this action thus far and fails to meet plaintiffs' duty of candor with this Court. The Court finds that the disclosure of the Confidential Information is utterly inconsistent with the orderly administration of justice and the terms of this Court's Expedited Discovery Order.

17. The declaration of plaintiffs' counsel claiming inadvertence are uncredible and are inconsistent with other declarations previously filed in this action. Plaintiffs' counsel was present at defendants' premises when the disclosed documents were originally seized under the guise of this Court's Expedited Discovery Order. Plaintiffs' counsel, who submitted the Expedited Discovery Order were aware of the terms of the Court's Expedited Discovery Order or under a duty to be aware of its terms. Plaintiffs' counsel Surjit P. Soni also has previously declared that he is an experienced intellectual property lawyer. (*See*

Declaration of Surjit P. Soni in support of Ex Parte Application for Protective Order.) Plaintiffs were sternly warned and also sanctioned for the earlier violations of this Court's Order. Under these circumstances, plaintiffs' counsel and plaintiffs had or should have had a very high awareness of this Court's disfavor with the prior violations of the Expedited Discovery Order and should have taken adequate precautions to avoid all future violations, which they did not.

18. In its Notice to Counsel filed on July 17, 1992, the Court expressly warned all counsel that "the court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure" and that "NON COMPLIANCE MAY LEAD TO THE IMPOSITION OF SANCTIONS WHICH MAY INCLUDE THE STRIKING OF PLEADINGS AND ENTRY OF JUDGMENT OR THE DISMISSAL OF THE ACTION." (Emphasis in original.)

19. The Court finds that plaintiffs' conduct was as grossly negligent.

20. Any conclusions of law which are deemed to be conclusions of fact are incorporated herein by reference.

## FINDINGS OF LAW

21. Violation of a court order by a party constitutes civil contempt whether or not the violation of the court order was intentional. *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir.1985).

22. A *prima facie* showing of civil contempt is established by clear and convincing evidence showing that a party had notice of the terms of the court's order and violated that order. *United States v. Powers*, 629 F.2d 619, 626 n. 6 (9th Cir.1980).

23. Sanctions are appropriate against a party who violated a court order and acted with willfulness, bad faith or fault. *National Hockey League v. Metropolitan Hockey League, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976).

24. A terminating sanction dismissing a party's case is appropriate and warranted if that party violated a court order and acted with willfulness, bad faith or fault. *Refac International, Ltd. v. Hitachi, Ltd.*, 921 F.2d 1247 (Fed.Cir.1990) (interpreting Ninth Circuit law); *G–K Properties v. Redevelopment Agency, Etc.*, 577 F.2d 645 (9th Cir.1978); *Marrocco v. General Motors Corp., Etc.*, 966 F.2d 220 (7th Cir.1992).

25. Terminating sanctions are appropriate where a party violates the terms of a protective order even where the party's violation was unintentional. *Marrocco v. General Motors Corp., Etc.*, 966 F.2d 220, 224–25 (7th Cir.1992).

26. The court has power to issue a terminating sanction for discovery abuses if the sanction has deterrent value on future litigants as well as parties to the instant litigation. *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). *North American Watch v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir.1986).

27. "[C]ourts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir.1983).

28. F.R.Civ.P. 37 provides sanctions to deter abuses and acts of contempt of court. F.R.Civ.P. 37(b)(2)(C) authorizes "an order ... dismissing the action or ... rendering a judgment by default" for failure to obey a court order. The Advisory Committee's Notes to Rule 37 state that "[v]arious rules authorize orders for discovery ...—e.g., Rule 35(b)(1), Rule 26(c), and Rule 37(b)(2) should provide comprehensively for enforcement of all of these orders. *Cf. Societe Internationale v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958)."

29. This Court's Protective Order is clearly an order justified pursuant to F.R.Civ.P. 26(c) and is therefore certainly a violated "order" within the scope of

F.R.Civ.P. 37(b). As such, Hi-Tek's second series of violations of this Court's Protective Order triggers the availability of sanctions pursuant to F.R.Civ.P. 37(b)(2). *G-K Properties v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647 (9th Cir.1978) [dismissal sanction for untimely production of documents.]

■ 30. Dismissal is also appropriate pursuant to this Court's inherent power. *North American Watch v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986).

31. The Ninth Circuit has held that the district court need only weigh five factors in determining whether to dismiss a case for failure to comply with a court order, and has also stated that it is not necessary for a district court to make explicit findings to show that it has considered these factors. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.1987), *cert. den.*, 488 U.S. 819, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988). These five factors are:

(1) [T]he public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

In the present case, plaintiffs and their counsel have remained completely undeterred by the sanctions this Court has previously imposed. All five of the *Malone* factors favor dismissal. The Court concludes that no lesser sanctions would ensure the orderly administration of justice and the integrity of this Court's orders.

■ 32. F.R.Civ.P. 37(b) does not require a warning of dismissal prior to its entry. *See Refac International Ltd. v. Hitachi et al.*, 921 F.2d 1247, 1255 (Fed.Cir. 1990) [affirming the dismissal of plaintiffs' case for violation of a discovery order and interpreting Ninth Circuit law].

■ 33. The sanction of dismissal may be based on willfulness, bad faith or "fault" alone. *United Artists Corp. v. La Cage Aux Folles, Inc.*, 771 F.2d 1265, 1278 (9th Cir.1985).

■ 34. The criteria for dismissal includes "fault" apart from a willfulness and bad faith and therefore includes "gross negligence." *Societe Internationale Pour Participations Industrielles et Commercials, S.A. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). *Cine Forty-Second Street Theatre Corp. v. Allied Artists Picture Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979), and *United Artists*.

35. The Court finds plaintiffs violated the Expedited Discovery order and are in contempt.

36. Any conclusions of fact which are deemed to be conclusions of law are incorporated herein by reference.

Based upon the findings and determinations of this Court, including those set forth above, IT IS THEREBY ORDERED THAT:

1. Defendants' motions for sanctions re civil contempt is granted.

2. Plaintiffs' complaint is dismissed with prejudice against the moving defendants Bobtron and Boy London and their respective officers, agents and employees. Plaintiffs shall take nothing by way of their complaint against these parties.

IT IS SO ORDERED.