**UNITED STATES of America for the Use and Benefit of WILTEC GUAM, INC., Plaintiff–Appellee,**

v.

**KAHALUU CONSTRUCTION CO., INC., and Industrial Indemnity Co., Defendants–Appellants.**

Nos. 87–1862, 87–1863.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 1988.

Decided Sept. 15, 1988.

---

Russell H. Tansey, Agana, Guam, for defendant-appellant Kahaluu Const. Co., Inc.

Charles H. Witherwax, Honolulu, Hawaii, for defendant-appellant Indus. Indem. Co.

John C. Dierking, Agana, Guam, for plaintiff-appellee Wiltec Guam, Inc.

Before WALLACE, REINHARDT and NOONAN, Circuit Judges.

REINHARDT, Circuit Judge:

This appeal challenges sanctions imposed by the district court under Rule 37(b)(2) of the Federal Rules of Civil Procedure. Following several violations of the rules of procedure by the appellants, the court prohibited them from defending against the appellee's claim, dismissed the counterclaim, and awarded judgment for the appellee. We affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

Defendant-appellant Kahaluu Construction Company, Inc. ("Kahaluu") entered into a contract with the United States Navy for the installation of sprinkler systems in several buildings at the Naval Ship Repair Facility on Guam. Defendant-appellant Industrial Indemnity Company ("Industrial"), as surety, executed a payment bond. Kahaluu then contracted with plaintiff-appellee Wiltec Guam, Inc. ("Wiltec") for the provision of materials, services, and supplies for use in the sprinkler installation project.

On April 4, 1986, Wiltec filed a complaint against Kahaluu and Industrial under the Miller Act, 40 U.S.C. §§ 270a *et seq.* (1982), alleging that Kahaluu failed to pay for services and materials Wiltec provided under its contract. Kahaluu and Industrial filed a joint answer and Kahaluu also counterclaimed against Wiltec. Wiltec served a document production request, and a pretrial scheduling order was entered.

On October 31, 1986, Wiltec filed a motion for sanctions alleging that the defendants had violated the scheduling order and had failed to comply with the document production request. Wiltec asked that the allegations in its complaint be taken as established and that the defendants be precluded from opposing the complaint. A hearing on this motion was set for November 14. On November 7, the district court entered an order compelling production of the requested documents by November 12. The court also awarded sanctions to Wiltec in the amount of $300, based on the defendants' failure to comply with the request.[1]

On November 14, the court heard argument on Wiltec's motion for sanctions. Following the hearing, the court found that the defendants had committed the following violations:

1. Wiltec's counsel was not timely informed of the appearance of Industrial's counsel.

2. No one appeared at the noticed deposition of Kahaluu.

3. The defendants filed their pretrial statement and memorandum of contentions of law and fact after the date set by the pretrial scheduling order. The memoran-

---

1. The appellants do not challenge the award of monetary sanctions.

dum also failed to comply with certain local rules.

4. The defendants failed to produce documents relating to Kahaluu's counterclaim against Wiltec, in violation of the order compelling production.

5. Industrial's counsel signed the defendants' opposition to the motion for sanctions on behalf of both Industrial and Kahaluu, in violation of Rule 11 of the Federal Rules of Civil Procedure.

Based on these violations, the district court invoked Rule 37 of the Federal Rules of Civil Procedure and Local Rule 235–6, and issued an order declaring that all of the allegations in Wiltec's complaint were to be taken as established for purposes of the action and that Wiltec's claim would not be subject to opposition. The court also dismissed Kahaluu's counterclaim. Subsequently the court awarded judgment for Wiltec against Kahaluu in the amount of $101,394 and against Industrial jointly and severally with Kahaluu in the amount of $93,235.50.

Kahaluu and Industrial appealed from the district court's order. At oral argument before this court, the appellants conceded that Wiltec did not receive discovery materials relating to Kahaluu's counterclaim, and withdrew their objection to the district court's dismissal of the counterclaim. We therefore affirm that part of the order. However, the appellants continue to contest the part of the order that prohibits them from defending against Wiltec's claim. They contend that this sanction is not authorized by the Federal Rules of Civil Procedure, that it constitutes an abuse of the district court's discretion, and that it violates the defendants' due process rights. We reverse this part of the district court's order.

## DISCUSSION

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes sanctions against a party who "fails to obey an order

to provide or permit discovery" or who "fails to obey an order entered under Rule 26(f)"—that is, a discovery scheduling order. Fed.R.Civ.P. 37(b)(2). Such sanctions may include: "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order," *id.* 37(b)(2)(A); "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses," *id.* 37(b)(2)(B); or "[a]n order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party," *id.* 37(b)(2)(C).[2]

In order to assess the district court's action, we must examine the five violations listed above. As the appellants now concede, the failure to provide discovery relating to Kahaluu's counterclaim was appropriately sanctioned by dismissal of the counterclaim. However, that failure cannot justify any additional sanction involving Wiltec's claim, because due process considerations require that the sanction be "specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 591 (9th Cir.1983) (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982)). Here, the order compelling production involved only documents relating to the counterclaim; therefore any sanction for violation of the order must also relate to the counterclaim. Nor can the Rule 11 violation or the delayed notification of the appearance of Industrial's counsel be a basis for the sanction, because Rule 37(b)(2) authorizes sanctions only for failure to obey a discovery order or a pretrial scheduling order. Therefore we are left with two violations: the failure to appear at the deposition of Kahaluu and the late and defective filing of

---

2. The district court also cited Local Rule 235–6, which states only that the failure of a party or attorney to participate in good faith in the framing of a proposed scheduling order "may result

in the imposition of appropriate sanctions." Guam L.R. 235–6. Because the violations occurred after the scheduling order was entered, this rule is not applicable.

pretrial documents.[3] In reviewing the sanction, the question is not whether we would have imposed a different sanction had we considered the matter originally, but whether the district court "exceeded the limits of its discretion." *Halaco Engineering Co. v. Costle,* 843 F.2d 376, 379 (9th Cir.1988); *Wyle,* 709 F.2d at 591.[4] We hold that it did.

Dismissal and default judgment are authorized only in "extreme circumstances." *Fjelstad v. American Honda Motor Co., Inc.,* 762 F.2d 1334, 1338 (9th Cir.1985). So, too, are orders taking the plaintiff's allegations as established and awarding judgment to the plaintiff on that basis.[5] While we cannot condone the defendants' conduct during the course of trial preparation, we have difficulty concluding that the violations that occurred here constitute "extreme circumstances." Moreover, in order to warrant imposition of these severe sanctions, the violation(s) must be "due to willfulness, bad faith, or fault of the party." *Wyle,* 709 F.2d at 589. The district court did not make any specific findings as to the appellants' willfulness or bad faith, stating only that "the failure to comply with the rules and to supply the required documents was not due to any inability on the part of the Defendants."

▌ In addition, we have identified five factors that a district court must weigh in determining whether to dismiss a case as a punitive measure: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. United States Postal Service,* 833 F.2d 128, 130 (9th Cir.1987) (quoting *Thompson v. Housing Authority,* 782 F.2d 829, 831 (9th Cir.), *cert. denied,* 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986)). The district court need not make explicit findings regarding these factors; however, if it does not (as in this case), we review the record independently to determine whether the sanction was an abuse of discretion. *Id.* Even assuming that the conduct of Kahaluu and Industrial meets the extreme circumstances and willfulness requirements, our review of the five *Malone* factors leads us to conclude that in this case the sanction imposed by the district court was not within the "acceptable range." *Id.*

The first two factors—expeditious resolution of litigation and docket management—weigh in favor of the sanction, but not heavily. Wiltec filed its complaint in April 1986; the trial was set for November. At the hearing on the motion for sanctions, defendants' counsel expressed their willingness to comply with that schedule. At that point the defendants had filed their pretrial documents, allowing Wiltec to go ahead with its own preparation. Thus the case was proceeding to trial in a timely fashion. By contrast, cases in which we have upheld orders of dismissal have often involved serious disruptions of the district court's trial schedule. *See id.* at 131; *Thompson,* 782

---

3. The appellants assert that Rule 37(g), rather than Rule 37(b), governs the imposition of sanctions in this case, and point out that Rule 37(g) authorizes only monetary sanctions. However, Rule 37(g) applies only to failure to participate in good faith in the framing of a discovery plan. Because the pretrial scheduling order was entered before the defendants committed their discovery violations, Rule 37(b) rather than Rule 37(g) was the appropriate rule. Therefore we reject appellants' argument that the rules did not authorize non-monetary sanctions for the types of violations involved here.

4. "We review sanctions imposed by a district court for abuse of discretion and will not reverse absent a definite and firm conviction that the district court made a clear error of judgment." *Halaco,* 843 F.2d at 379.

5. Most of our recent Rule 37 cases have involved dismissal of the plaintiff's action, rather than orders of the type involved here. We believe these sanctions are comparable in that they represent the most severe penalty that can be imposed on each party. *See Fjelstad v. American Honda Motor Co., Inc.,* 762 F.2d 1334, 1338 (9th Cir.1985) (referring to "severe sanctions of dismissal or default"). We therefore apply the same standards to both. We also note that dismissal sanctions under Rule 37 are "subject to much the same considerations" as those under a court's inherent powers, *Halaco,* 843 F.2d at 380, and therefore use both types of cases interchangeably.

F.2d at 832 (pretrial conference continued three times).

The third factor, prejudice, looks to whether the appellants' actions impaired Wiltec's ability to go to trial or threatened to interfere with the rightful decision of the case. *Malone*, 833 F.2d at 131. There is no indication that the defendants' violations in any way threatened to distort the resolution of Wiltec's claim. Kahaluu's deposition, while delayed, was in fact taken before the motion for sanctions was heard. Moreover, at that point the defendants' pretrial documents had been filed; the violation of the local rules with respect to the memorandum of contentions of law and fact related to an element of the counterclaim, not to Wiltec's claim. Thus the defendants' violations, while they certainly caused serious inconvenience for Wiltec, did not prejudice the outcome of Wiltec's action. *See Mir v. Fosburg*, 706 F.2d 916, 919 & n. 2 (9th Cir.1983) (delay alone does not necessitate dismissal). Because there is no evidence of actual prejudice, the third factor does not support the sanction. The fourth factor, the policy favoring disposition on the merits, clearly weighs against the sanction.

■ Finally, we have held that the district court abuses its discretion if it imposes a dismissal sanction "without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131 (quoting *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir.1986)). As a general rule, the district court must consider less severe alternatives and discuss them if it elects to dismiss. *Halaco*, 843 F.2d at 381. In *Malone*, we said that explicit discussion of alternatives is preferred, but held that under "egregious circumstances" such discussion is not always necessary. 833 F.2d at 132. In other words, the district court is generally required to discuss alternative sanctions; but in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion. *See Halaco*, 843 F.2d at 381

("the consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives"); *Malone*, 833 F.2d at 132; *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 500 (9th Cir.1987) ("meaningful alternatives must be explored"); *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir.1976) ("reasonable exploration of possible and meaningful alternatives" is required, although it is not necessary that every possible alternative be examined).

We have reviewed the record in this case, including the transcript of the hearing on the motion for sanctions, and have found no indication that the district judge discussed the feasibility of less drastic sanctions or explained why alternative sanctions would be inadequate. Moreover, we do not believe this case fits into the narrow exception established by *Malone*. The district court was at fault for not explicitly weighing alternatives before entering its order.

In some cases, the fact that the district court actually implemented alternative sanctions prior to dismissal may be enough to satisfy the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 132. In *Malone*, for example, the court declared a mistrial and then entered a pretrial order before dismissing the action; these measures "were *all* instituted in response to the lack of preparation on the part of Malone and her counsel." *Id.* (emphasis in original). This series of sanctions thus constituted a natural progression, much like progressive discipline, with dismissal the last step. Here, the judge did award a $300 sanction for failing to comply with the document production request. Thus it could be said that he followed the *Malone* formula in dismissing the counterclaim. But such a conclusion in relation to the counterclaim does not indicate that he weighed less severe sanctions for the defendants' other violations before precluding them from opposing Wiltec's claim. There was no natural progression with respect to that claim, and nothing in the record—at the time of either the first or the second sanction—leads us to believe that less se-

vere alternatives were contemplated before the court awarded judgment for Wiltec.

In addressing the fifth *Malone* factor, we also look to whether the district court warned of the possibility of dismissal. *Malone*, 833 F.2d at 132. An explicit warning is not always required, at least in a case involving "egregious circumstances." *Id.* at 132–33. In other circumstances, the failure to warn may place the district court's order in serious jeopardy. "Failure to warn has frequently been a contributing factor in our decisions to reverse orders of dismissal." *Id.* at 133 (citing cases). In this case, the record indicates that the district court never warned the defendants explicitly or implicitly that their procedural lapses might result in a judgment against them. *See Hamilton*, 811 F.2d at 500 (district judge had obligation to warn plaintiff that dismissal was imminent); *Mir*, 706 F.2d at 919 (district court failed to warn plaintiff that inaction risked dismissal of suit). In short, the record indicates no consideration by the district court of the adequacy of lesser sanctions and no warning to the defendants that judgment might be awarded for Wiltec. The fifth factor therefore weighs heavily against the sanction.

■ By precluding Kahaluu and Industrial from defending against Wiltec's claim, the district court in effect deprived them of all of their rights as to Wiltec's action. This harsh a penalty was not warranted. Despite the defendants' lax attitude toward the rules of civil procedure and the pretrial timetable, the case was proceeding to trial on schedule. Wiltec was not prejudiced by the defendants' violations. Most important, the district judge failed both to warn the defendants' counsel of the possibility of awarding judgment for Wiltec and to consider the feasibility of less drastic sanctions. The judge's "understandable pique" at defense counsel's lapses cannot excuse his failure to consider alternative sanctions, *Hamilton*, 811 F.2d at 500; nor can it overcome the strong policy favoring disposition of cases on their merits. Under the circumstances, the order precluding Kahaluu and Industrial from defending against Wiltec's complaint was an abuse of the district court's discretion.

## CONCLUSION

The part of the district court's order dismissing Kahaluu's counterclaim is affirmed. The part taking all of the allegations in the complaint as established and precluding the defendants from opposing Wiltec's claim is reversed. The judgment for Wiltec is vacated and the action is remanded for further proceedings not inconsistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

WALLACE, Circuit Judge, concurring:

I concur in the result. I write separately because I have reservations about the majority's analysis of the fifth factor under *Malone v. United States Postal Service*, 833 F.2d 128 (9th Cir.1987) (*Malone*): whether the district court need consider the availability of less drastic alternatives. *Id.* at 130–32.

The majority reads *Malone* as generally requiring the district court "to discuss alternative sanctions; but in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion." Maj. op. at 604. *Malone*, however, stated a different proposition: "we have never held that explicit discussion of alternatives is *necessary* for an order of dismissal to be upheld." *Malone*, 833 F.2d at 132 (emphasis in original). *Malone* then held it would not require the district court to discuss alternatives where a court order is "purposefully and defiantly violated." *Id.* Rather than analyzing whether Kahaluu purposefully and defiantly violated the court's order, the majority concludes that this case does not fit into the narrow "egregious circumstances" exception established by *Malone*. The district court erred, so the majority reasons, in failing to weigh explicitly less drastic alternatives. Maj. op. at 604. It is unclear whether the majority's analysis will allow a "purposeful and defiant violation of a court order" to fit within

the egregious circumstances exception, but it is clear that such was the egregious circumstance at issue in *Malone. See Malone*, 833 F.2d at 132. To be consistent with *Malone*, I would go no farther than stating our court has "indicated a preference for explicit discussion by the district court of the feasibility of alternatives ... [but] we have never held explicit discussions of alternatives is *necessary....*" *Id.* (emphasis in original).

The majority then concludes that "the fact that the district court actually implemented alternative sanctions prior to dismissal may be enough to satisfy the 'consideration of alternatives' requirement" if these sanctions constitute a "natural progression" with dismissal as the last step. Here is a new test established by the majority. Under this new test, it is unclear what may serve as a "natural progression" of sanctions culminating in a dismissal order sufficient to satisfy the "consideration of alternatives" requirement. Does it require more than one prior sanction to be a "natural progression"? The majority cites no authority for its new requirement. Instead of introducing this new and uncertain notion of a "natural progression," I would simply follow the language in *Malone:* "explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." *Id.*

The majority holds that the district court's first steps—the imposition of the order compelling discovery and the $300 sanction for failing to comply with the document production request in this case—did not indicate such a "natural progression" as to Wiltec's claim. Maj. op. at 604–605. I believe the order compelling discovery and the payment of a $300 sanction fits within this definition even though it related to documents necessary to defend against the counterclaim and not documents necessary to prosecute the Wiltec claim. The district court's order put a defiant party on notice that the court is unwilling to tolerate improper conduct. It seems to me this kind of order should be factored into determining whether a party has received proper warning. In *Malone*, the prior court

acts "were *all* instituted in response to the lack of preparation on the part of Malone and her counsel." *Malone*, 833 F.2d at 132. Although I can agree this act of the court may have been insufficient alone, I disagree it may not be considered.

Finally, I observe that on remand imposing some lesser sanction would not be inconsistent with the majority opinion.