868 F.2d 1272
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Burnell Lee EVERETT, Plaintiff-Appellant,
v.
UNITED STATES GENERAL SERVICES ADMINISTRATION, Defendant-Appellee.
 No. 88-5955.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1989.*
Decided Feb. 8, 1989.
 Before WALLACE, FARRIS, and BEEZER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Everett appeals pro se from the district court's dismissal with prejudice of his action for failure to prosecute. We reverse.
 
 
 2
 We review the dismissal for an abuse of discretion. Link v. Wabash Railroad, 370 U.S. 626, 633 (1962). We test for abuse pursuant to the five factors described in Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987). Where, as here, the district court does not make findings on these factors, we review the record to determine whether they are met. United States for the use of Wiltec Guam v. Kahaluu Construction, 857 F.2d 600, 603 (9th Cir.1988).
 
 
 3
 The record does not demonstrate that the sanction was "due to willfulness, bad faith, or fault of the [plaintiff]." Similarly, it does not indicate that "plaintiff has purposefully and defiantly violated a court order." Everett only failed to appear at a hearing on his attorney's withdrawal. The record fails to demonstrate that there are "egregious circumstances." The availability of less drastic alternatives should be considered. The district court's interest in managing its own docket and the public's interest in expeditious litigation are not so strong as to justify dismissal of a case in which no delays have been shown until the hearing date. In addition, the other factors present weigh against dismissal: less drastic sanctions were available, no prejudice to the defendant appears from the record, and public policy favors disposition on the merits.
 
 
 4
 Alternatively, we can affirm a judgment on any basis supported by the record. Aguon v. Calvo, 829 F.2d 845, 848 (9th Cir.1987). A possible alternative would be a dismissal for failure to serve process within 120 days as required by Fed.R.Civ.P. 4(j). Everett's brief includes a copy of a letter written by the defendant which indicates that it was not served with process in the district court action. Everett does not deny the failure of service and the record validates this. Since the complaint was originally filed October 30, 1987, and the defendant's letter is dated May 20, 1988, the 120-day limit has passed.
 
 
 5
 Although under these circumstances the district court can dismiss sua sponte, which it did, Rule 4(j) requires the dismissal to be without prejudice. Here, the district court dismissed with prejudice.
 
 
 6
 REVERSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4