924 F.2d 1062
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Prudence Sui-Ning CHOU, Plaintiff-Appellant,
v.
UNIVERSITY OF CALIFORNIA, Defendant-Appellee.
 No. 89-15629.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 7, 1990.*
Decided Jan. 31, 1991.
 Before FARRIS, CYNTHIA HOLCOMB HALL, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Prudence Sui-Ning Chou appeals in propria persona the district court's dismissal of her employment discrimination action against the University of California for her failure to comply with a court order compelling discovery, and the dismissal of her motion to reconsider the dismissal. She argues that her failure to comply with the order compelling discovery was not willful or in bad faith, and that dismissal therefore was inappropriate. We affirm.
 
 
 3
 Chou alleged in her complaint that professors at the University of California denied her employment on account of her race and sex in violation of Title VII of the Civil Rights Act of 1964. In an order entered January 11, 1988, the district judge instructed Chou to appear for her deposition to be taken on February 8, 1988, and advised her that her failure to appear and answer questions would be considered grounds for dismissal.
 
 
 4
 On January 21, 1988, Chou filed an objection to the order compelling discovery, in which she stated that the order was "incapable of execution" because she was in poor health, lacked funds, and had no car. She stated that public transportation took three hours from her home in Santa Rosa to the site of the deposition in Berkeley. Chou failed to appear for the scheduled deposition. On March 29, 1988, the district court dismissed her action with prejudice pursuant to Fed.R.Civ.P. 37(b)(2)(C).
 
 
 5
 Chou filed notice of appeal on March 31, 1988. On April 5, 1988, she filed a "post-judgment motion" in the district court for reconsideration of the order of dismissal. On July 1, 1988, we dismissed Chou's appeal for lack of jurisdiction pursuant to Fed.R.App.P. 4(a)(4), because her motion for reconsideration was pending in the district court. The district court dismissed Chou's motion for reconsideration on April 11, 1989, on the ground that she divested the district court of jurisdiction when she filed notice of appeal on March 31, 1988. We now treat Chou's appeal from the dismissal of her motion for reconsideration as a timely renewal of the appeal of the March 29, 1988 dismissal.
 
 
 6
 Federal Rule of Civil Procedure 37(b)(2) authorizes sanctions against a party who "fails to obey an order to provide or permit discovery." Such sanctions may include "[a]n order ... dismissing the action or proceeding or any part thereof." Fed.R.Civ.P. 37(b)(2)(C). Dismissal for failure to comply with a discovery order is appropriate only where the violation is "due to willfulness, bad faith, or fault of the party." United States for the Use and Benefit of Wiltec Guam, Inc. v. Kahaluu Construction Co., 857 F.2d 600, 603 (9th Cir.1988).
 
 
 7
 We reject Chou's argument that dismissal was improper because her failure to appear for deposition was not due to willfulness, bad faith, or fault on her part. In the absence of a definite and firm conviction that a clear error of judgment was made, we will not reverse the district court's finding as to willfulness, bad faith or fault. See United Artists Corp. v. La Cage aux Folles, Inc., 771 F.2d 1265, 1270 (9th Cir.1985). The record supports the district court's conclusion that Chou's discovery violations reflected willfulness and bad faith. Chou repeatedly failed to appear for depositions by the University of California's counsel, failed to answer questions at deposition, and left depositions prior to their completion.
 
 
 8
 The district court attempted to implement a lenient alternative sanction against Chou rather than dismiss her case. On January 7, 1988, the court denied the University's motion to dismiss Chou's action, and ordered Chou to appear and answer questions by deposition on February 8, 1988, at the office of the University's counsel. The court explicitly warned Chou that her failure to appear at the deposition and answer questions would be considered grounds for dismissal. Chou's argument that her health and lack of funds prevented her from being in Berkeley for the deposition lacks merit. That she filed a document stating her intention to miss the deposition with the district court on January 21, 1988, nineteen days before the scheduled deposition, indicates that her absence was willful. Chou offers no facts that rebut the conclusion that her failure to appear at the scheduled deposition was willful and attributable to her own fault. The district court was within its discretion in dismissing her action. See Kahaluu Construction Co., 857 F.2d at 603; La Cage aux Folles, 771 F.2d at 1270.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3