940 F.2d 1306
 In re Sammy George DAILY.
The ESTATE OF Sammy G. DAILY, Plaintiff-Appellee,
v.
LILIPUNA ASSOCIATES, a Hawaii limited partnership; Title
Guaranty Escrow Service, Inc., a Hawaii
Corporation, Defendants,
and
Lilipuna Venture, Inc., a Hawaii Corporation; Lilipuna
Development Corporation, a Hawaii Corporation,
Defendants-Appellants.
 No. 90-15137.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 8, 1991.
Decided Aug. 7, 1991.
 
 Roy Anderson, Honolulu, Hawaii, for defendants-appellants.
 Jerrold K. Guben, Reinwald, O'Connor & Marrack, Honolulu, Hawaii, for plaintiff-appelee.
 Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.
 SCHROEDER, Circuit Judge:
 
 
 1
 Two corporations referred to collectively as "the Lilipuna Entities" appeal the district court's affirmance of the bankruptcy court's order requiring that certain funds in the corporations' hands be paid to the Chapter 7 trustee of the debtor, Sammy Daily. See In re Daily, 107 B.R. 996 (D.Haw.1989). The bankruptcy court's ruling was based upon its conclusion that the corporations were alter egos of the debtor, and that the corporate form should therefore be disregarded and assets of the corporations deemed to be owned by the debtor. The actual stock ownership of the corporations is not clear in this record.
 
 
 2
 The bankruptcy court arrived at this alter ego conclusion after granting the trustee's motion to prohibit the introduction by the corporations of any evidence or documents that contradicted the assertions made in the trustee's complaint seeking turnover of assets in the hands of the Lilipuna Entities. This motion to exclude evidence was granted as a sanction because the debtor's son, Michael Daily, who was an officer of the corporations, had previously failed to produce subpoenaed corporate and business records of one of the entities in response to earlier discovery efforts by the Federal Deposit Insurance Corporation ("the FDIC"), which had been granted permission to examine such records pursuant to Bankruptcy Rule 2004. That Rule permits such examination "on motion of any party in interest." The FDIC's examination efforts apparently were not connected with any pending adversary proceeding. For his failure to comply with discovery orders, Michael Daily was held in contempt.
 
 
 3
 The trustee brought this proceeding later for declaratory and injunctive relief against the Lilipuna Entities themselves. The bankruptcy court then determined that because their officer had failed to produce records when requested to do so, the entities ought not be permitted to use such records in defending against the trustee's assertion that they were alter egos of the debtor. The bankruptcy court "deemed established" all of the trustee's allegations concerning the alter ego theory, and granted the relief that the trustee requested.
 
 
 4
 For purposes of this appeal, we assume that the debtor, Sammy Daily, was the principal owner of the corporations that are appellants in this matter. The dispositive question in this appeal is whether or not the appellants should have been permitted to introduce their corporate records and other evidence for the purpose of refuting the trustee's contentions that they were alter egos of the debtor and were accountable for Michael Daily's contempt. When the bankruptcy court found that the appellants were alter egos of the debtor, it looked solely to the trustee's allegations, the deposition of Michael Daily, and evidence that had been introduced in the earlier contempt proceeding against Michael Daily. The appellant corporations, however, were not parties to the contempt proceeding, and the question of the relationships among the debtor, Michael Daily and the appellant corporations was not litigated in that proceeding.
 
 
 5
 The district court affirmed the bankruptcy court's order because the district court concluded that the appellants were bound, under the principles of collateral estoppel, by the contempt proceedings against Michael Daily. The district court noted that the bankruptcy court had the power to establish the trustee's allegations as true as a sanction for violation of discovery orders. In re Daily, 107 B.R. at 1005. See United States for Use of Wiltec Guam v. Kahaluu Construction Co., Inc., 857 F.2d 600, 602 (9th Cir.1988). The district court observed that the Lilipuna Entities were not parties to the earlier contempt proceeding, but concluded that they could nevertheless be bound by the estoppel effects of that proceeding, apparently finding as a matter of law that Michael Daily, as an officer of the companies, must have controlled them. 107 B.R. at 1004. See Montana v. United States, 440 U.S. 147 (1979) (estoppel may be used against persons who were not parties to the prior litigation where a relationship of control existed between the prior litigants and the present parties). The district court also took the view that the Lilipuna Entities should have intervened in the proceeding between Michael Daily and the FDIC as soon as the corporations' records were subpoenaed. 107 B.R. at 1004. For these reasons, the district court found it appropriate to hold the Lilipuna Entities bound by the contempt of Michael Daily and to subject them to sanctions as a result of that contempt.
 
 
 6
 This application of the principles of collateral estoppel assumes that Michael Daily was acting on behalf of the Lilipuna Entities in the preceding discovery defiance which led to his contempt. That fact, however, is vigorously disputed by the Lilipuna Entities. It was not litigated in the contempt proceeding, which dealt with the adequacy of Michael Daily's discovery responses. No question of alter ego relationship had yet been raised. The trustee's evidence that the Lilipuna Entities functioned as alter egos of Sammy Daily was thus left unrebutted as a sanction against the Lilipuna Entities for the conduct of a party in a different proceeding, without any finding, or any basis for a finding, that they were responsible for the conduct of that party. The Lilipuna Entities are entitled to litigate this issue. See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971) (due process requires that a party be given a full and fair opportunity to litigate an issue before collateral estoppel may be applied against that party). The appellants cannot be punished in this manner for Michael's contempt and should be permitted to litigate the question of their relationship to the debtor. The district court erred in affirming the bankruptcy court's order denying them the opportunity to litigate alter ego issues.
 
 
 7
 REVERSED AND REMANDED for the district court to VACATE the bankruptcy court's order and to ORDER the bankruptcy court to conduct further proceedings consistent with this opinion.