12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dianna SEEKLANDER, Plaintiff-Appellant,
v.
A.B. DICK COMPANY, a Delaware corporation, Defendant-Appellee.
 No. 92-35225.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Nov. 18, 1993.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The district court granted partial summary judgment to A.B. Dick, Co. on Dianna Seeklander's breach of employment contract claim. A jury returned a verdict for A.B. Dick on Seeklander's employment discrimination claim. Seeklander appeals, claiming the district court made numerous errors before and during the trial. We affirm.
 
 
 3
 I. The decision not to exclude witnesses that A.B. Dick had identified after the close of discovery.
 
 
 4
 We review the district court's decision not to impose discovery sanctions for an abuse of discretion. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990), cert. denied, Lewis & Co. v. Thoeren, 498 U.S. 1109 (1991). "Absent a definite and firm conviction that the district court made a clear error in judgment," we must affirm. Id. When, as in this case, a district court does not make factual findings, we independently review the record to determine whether the district court abused its discretion. United States use of Wiltec Guam, Inc. v. Kahaluu Construction Co., 857 F.2d 600, 603 (9th Cir.1988).
 
 
 5
 We are not impressed with A.B. Dick's explanations for its failure to identify over twenty witnesses, many of whom were employees, until less than three weeks before trial. Nevertheless, A.B. Dick's untimely identification of these witnesses did not prejudice Seeklander's ability to prosecute her claim. Before discovery closed, Seeklander had adequate notice that it might be worthwhile to depose Karyn Harling, Al Powell, and Deborah Brandom. Seeklander could also have averted any potential prejudice by requesting an additional continuance. Instead she opposed A.B. Dick's motion for a continuance. The district court did not abuse its discretion when it chose not to exclude A.B. Dick's witnesses.
 
 
 6
 II. Evidentiary rulings.
 
 
 7
 Evidentiary rulings are reviewed for abuse of discretion and will not be reversed in the absence of resulting prejudice. Coursen v. A.H. Robins Co., 764 F.2d 1329, 1333 (9th Cir.1985). "[W]hen an appellate court ponders the probable effect of an error on a civil trial, it need only find that the jury's verdict is more probably than not untainted by the error." Haddad v. Lockheed Calif. Corp., 720 F.2d 1454, 1459 (9th Cir.1983). We consider the cumulative effect of errors. Gonzales v. Police Dept., San Jose, 901 F.2d 758, 762 (9th Cir.1990).
 
 
 8
 A. The exclusion of evidence concerning Deborah Brandom's salary and the sexual harassment of Mary Bolz.
 
 
 9
 The district court did not abuse its discretion when it refused to allow Seeklander to introduce evidence of Deborah Brandom's salary and prevented Seeklander from asking Mary Bolz whether she had been sexually harassed by an A.B. Dick supervisor. Deborah Brandom worked for an A.B. Dick office in Portland, Oregon. Seeklander sought to compare her salary to male employees in Seattle, Washington. Seeklander also wanted to show that Mary Bolz had been sexually harassed by an A.B. Dick supervisor who did not testify at trial and who was not involved in Seeklander's termination. While Seeklander has the right to argue that A.B. Dick's explanations for laying her off were a pretext for discrimination, the evidence she introduces to establish pretext must be relevant. The district court did not abuse its discretion in concluding that the evidence concerning Brandom's pay and Bolz's harassment was too remote and isolated to be relevant to Seeklander's discrimination claim.
 
 
 10
 B. Admission of hearsay testimony.
 
 
 11
 Testimony by Keith Whitney, Charles Hart, and Sheila Mitchell included hearsay and irrelevant testimony. However, the admission of this testimony did not prejudice Seeklander.
 
 
 12
 Whitney and Hart testified about the conditions of machines that A.B. Dick contended had previously been repaired by Seeklander. Once the district court had excluded initial hearsay testimony that Seeklander had worked on the machines, any further testimony about the condition of the machines was irrelevant. Mitchell did not testify about her own observations of Seeklander's work, but about reports she had received from her employees.
 
 
 13
 Whitney testified that he did not think Seeklander had made improper repairs. The admission of his testimony could not have tainted the verdict. Hart's and Mitchell's testimony, in contrast, did support A.B. Dick's contention that Seeklander was laid off because she was the least qualified employee in her office. But A.B. Dick introduced substantial evidence indicating that Seeklander was dismissed for nondiscriminatory reasons. This included evidence about Seeklander's technical skills, testimony by supervisors and instructors, and unfavorable performance evaluations. The verdict more probably than not was untainted by the admission of Hart's and Mitchell's testimony. Haddad v. Lockheed Calif. Corp., 720 F.2d 1454, 1459 (9th Cir.1983).
 
 
 14
 III. The jury instruction on causation.
 
 
 15
 Because Seeklander failed to raise an objection at trial, we reject her appeal of the district court's jury instruction on the issue of causation. A failure to raise an objection as required by Fed.R.Civ.P. 51 does not preclude an appeal when the appeal is based on a supervening change in law. Robinson v. Heilman, 563 F.2d 1304, 1307 (9th Cir.1977). Seeklander contends that the Washington Supreme Court's decision in Allison v. Housing Authority of Seattle, 118 Wash.2d 79, 821 P.2d 34 (1991), announced a supervening change in the law governing the issue of causation in disparate treatment cases.
 
 
 16
 The Robinson exception applies only when the law has changed during the pendency of an appeal. The Allison decision was available to Seeklander and the court before the jury retired to consider its verdict on January 28, 1992. The Washington Supreme Court issued the decision on December 12, 1991, and it was published in advance sheets on January 24, 1992. The demands of trial may explain but do not excuse an attorney's responsibility to stay abreast of developments in the law.
 
 
 17
 Allison is not a supervening decision. Therefore, we do not address whether it changed the standard for determining causation in disparate treatment actions.
 
 
 18
 IV. The grant of summary judgment for A.B. Dick on Seeklander's contract claim.
 
 
 19
 We review de novo the district court's grant of summary judgment. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the non-moving party, we consider whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. FDIC v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992).
 
 
 20
 Under Washington law, a breach of employment contract claim must be grounded in a written agreement between the parties. The agreement need not be a formal contract. It can be implied from a written employment policy manual. Thompson v. St. Regis Paper Co., 102 Wash.2d 219, 685 P.2d 1081, 1087 (Wash.1984); see also Lawson v. Boeing Co., 58 Wash.App. 261, 792 P.2d 545, 548 (1990) ("Oral assurances of continued employment and an employee's forgoing of other employment opportunities do not create an implied employment contract."), review denied, 116 Wash.2d 1021, 811 P.2d 219 (1991).
 
 
 21
 Seeklander was not aware of A.B. Dick's employment manual before she was dismissed. Any oral representations A.B. Dick's manager's may have made would not have provided a sufficient basis for a breach of employment contract claim. The district court properly granted A.B. Dick's motion for partial summary judgment.
 
 
 22
 V. Denial of Seeklander's motion to amend her complaint to include a claim for punitive damages.
 
 
 23
 We have affirmed the jury's verdict for A.B. Dick. The punitive damages issue is moot.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3