76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY RIALTO ACRES LOCATED IN FONTANA, CALIFORNIA,
including any Buildings, Appurtenances &
Improvements thereon, Defendant,
v.
RANCHO SIERRA CORPORATION; Victor Portillo, Claimants-Appellants,
v.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,
Claimant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY VACANT LAND, LOCATED BETWEEN MANGO STREETS AND
SIERRA AVENUE IN FONTANA, CALIFORNIA, Defendant,
and
Rancho Sierra Corporation, Claimant-Appellant.
 Nos. 94-56249, 94-56261.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1995.
Decided Jan. 18, 1996.
 
 Before: SCHROEDER, FERGUSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an appeal from an order under Federal Rule of Civil Procedure 37 striking claimants' answers in three civil forfeiture proceedings and entering a default judgment against the properties. Before the district court entered a default against claimants pursuant to rule 37, the court was required to consider the five factors delineated in Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). The district court was also required to find that the party's behavior in ignoring the depositions demonstrated willfulness, bad faith, or fault. Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th Cir.1985).
 
 
 3
 The five factors in Wanderer are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy seeking disposition of cases on their merits; and (5) availability of less drastic sanctions. 910 F.2d at 656. The district court is not required to make explicit findings regarding these factors, but if it does not, as is the case here, this court reviews the record independently to determine whether the sanction was an abuse of discretion. U.S. for the use and benefit of Wiltec Guam v. Kahaluu Const., 857 F.2d 600, 603 (9th Cir.1988).
 
 
 4
 The real party in interest, Victor Portillo, failed to appear for his deposition after it had been continued several times. Portillo never obtained a protective order, and the record on appeal makes it quite clear that he never intended to appear for a deposition.
 
 
 5
 In those circumstances, the district court did not abuse its discretion in striking the answers and ordering the forfeiture. All of the Wanderer factors, with the exception of the fourth weigh in favor of dismissal. The requisite willfulness is apparent. The government was entitled to determine the underlying facts in order to make its case, and, contrary to the implication in appellants' briefs, the government never agreed that the case would be decided on the basis of the facts alleged in the forfeiture petition, or that discovery was unnecessary.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3