Danny BARNES, Plaintiff–Appellant,

v.

SPINCYCLE, LLC, also known as Spin-
cycle, Inc., erroneously sued as Spin-
Cycle, LLC, Defendant–Appellee.

No. 05–55925.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

Danny Barnes, Los Angeles, CA, pro se.

Jackson Lewis, Sherry L. Swieca, Esq.,
Jackson Lewis, LLP, Los Angeles, CA, for
Defendant–Appellee.

Before: B. FLETCHER, TROTT, and
CALLAHAN, Circuit Judges.

MEMORANDUM **

Danny Barnes appeals pro se from the
district court's judgment dismissing his
employment discrimination action pursu-
ant to Federal Rule of Civil Procedure
37(b)(2) for failure to attend a pretrial
conference. We have jurisdiction pursuant
to 28 U.S.C. § 1291. Reviewing for abuse
of discretion, *United States ex rel. Wiltec
Guam, Inc. v. Kahaluu Constr. Co., Inc.*,
857 F.2d 600, 603 (9th Cir.1988), we re-
verse, and remand for further proceedings.

A district court must consider the fol-
lowing five factors in determining whether
to dismiss a case as a punitive measure:
"(1) the public's interest in expeditious res-

olution of litigation; (2) the court's need to
manage its docket; (3) the risk of preju-
dice to the defendants; (4) the public poli-
cy favoring disposition of cases on their
merits; and (5) the availability of less
drastic sanctions." *Id.* (quoting *Malone v.
United States Postal Service*, 833 F.2d 128,
130 (9th Cir.1987)). If the district court
does not make explicit findings regarding
these factors, this court reviews the record
independently to determine whether the
sanction was an abuse of discretion. *Id.*

Here, the harsh penalty of dismissal was
not warranted. Barnes' failure to appear
at the pretrial conference did not cause
undue delay or render the case unmanage-
able. *See id.* at 605. Moreover, Spincycle
suffered no prejudice beyond the expense
of preparing for and attending the pretrial
conference. *See id.* Most important, the
district court failed to warn Barnes of the
possibility of dismissal and to consider less
drastic sanctions. *See id.* Under these
circumstances, the district court abused its
discretion in dismissing the action. *See id.*

We do not address Barnes' contentions
regarding the district court's interlocutory
rulings or the merits of his claims because
the district court dismissed his action for
failure to comply with a court order, and
did not reach the merits of his claims. *See
Al–Torki v. Kaempen*, 78 F.3d 1381, 1385
(9th Cir.1996).

**REVERSED and REMANDED.**

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.