

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-16370 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-00105-DGC |
| v. | |
| LEONARDO CORNEJO-REYNOSO, | MEMORANDUM* |
| Claimant - Appellant, | |
| And | |
| $2,164,341.00 IN US CURRENCY, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted October 21, 2015**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: BLACK,*** CLIFTON, and N.R. SMITH, Circuit Judges.

Leonardo Cornejo-Reynoso appeals the district court's judgment in favor of the Government in this civil forfeiture action regarding $2,164,431.00 in United States currency. We affirm.

The district court did not err in denying Cornejo's motion to permit him to appear for a deposition remotely from Mexico by a video conference. "A district court has wide discretion to establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). A video deposition may have been ordered in *United States v. Li*, 2013 WL 6729895 (D. Ariz. December 19, 2013), but that decision was based on different facts and was not binding precedent for other district courts, in any extent. In this case, the Government secured parole documents for Cornejo to re-enter the United States on multiple occasions, but he refused to avail himself of the opportunity to appear.

The district court did not err in sanctioning Cornejo when the court "did not make [it] as easy as possible for him to be deposed." *Hyde & Drath*, 24 F.3d at 1167. "The Court of Appeals . . . will overturn a [district court imposed] sanction only [when] it was clearly outside the acceptable range of sanctions." *Rio Props.,*

***  The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

2

*Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). Sanctions are appropriate where the violation is "due to willfulness, bad faith, or fault of the party." *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988). The record is clear and undisputed that Cornejo did not attend his court-ordered deposition. Prohibiting Cornejo from submitting testimony was within the acceptable range of Rule 37 sanctions.

The district court correctly granted summary judgment in favor of the Government. The combination of evidence, including the one-way Budget rental truck agreement, the large amount of cash and the way it was packaged, and the alert to the cash by a narcotics canine, all demonstrated a substantial connection to drug trafficking.

When the burden shifted to Cornejo, he failed to demonstrate a lawful source of the currency. While at one time he may have possessed $2.8 million lawfully from the sale years before of the Chula Vista apartment complex, he filed for bankruptcy just one year prior to the seizure and swore, under penalty of perjury, that he possessed only $37,775 in personal property and approximately $1,500 in cash.

**AFFIRMED.**

3