

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YUANXIANG ZHANG; CANWEN
ZHANG; LIQIONG DENG,

        Plaintiffs-Appellees,

v.

BING'S RESTAURANT, INC., an Oregon
domestic business corporation,

        Defendant-Appellant,

and

PAUL JOE; SUE JOE,

        Defendants.

No.   17-35596

D.C. No. 3:13-cv-00838-MO

MEMORANDUM[*]

YUANXIANG ZHANG; CANWEN
ZHANG; LIQIONG DENG,

        Plaintiffs-Appellants,

v.

BING'S RESTAURANT, INC., an Oregon
domestic business corporation,

No.   17-35600

D.C. No. 3:13-cv-00838-MO

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

|  |
|---|
| Defendant-Appellee, |
| and |
| PAUL JOE; SUE JOE, |
| Defendants. |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 15, 2019[**]
Portland, Oregon

Before: N.R. SMITH, WATFORD, and R. NELSON, Circuit Judges.

Bing's Restaurant Inc. ("the Restaurant") appeals the district court's denial of its two motions to set aside the entry of default against it. YuanXiang Zhang, Canwen Zhang, and Liqiong Deng (collectively, "Plaintiffs") appeal the district court's sua sponte dismissal of their claims against individuals Paul Joe and Sue Joe ("the Joes")—against whom default had also been entered. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

1. Plaintiffs moved for entry of default against the Restaurant for its failure to be represented by counsel. Plaintiffs separately moved for entry of default against

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Restaurant and the Joes (collectively, "Defendants") as a sanction for their failure to respond to Plaintiffs' discovery requests. The district court granted both motions in a docket entry without explanation or analysis, and the clerk of court entered default against all Defendants.

The Restaurant moved to set aside the entry of default for its failure to be represented by counsel, arguing that good cause existed under Federal Rule of Civil Procedure 55(c). Separately, all Defendants moved to set aside the entry of default for their discovery violations, arguing both good cause under Rule 55(c) and that the entry of default was an inappropriate sanction. The district court found Defendants culpable for the discovery violations and denied both motions.

Although the district court purported to deny the motion to set aside the entry of default for the Restaurant's failure to be represented by counsel, it did not directly address that motion nor did it find the Restaurant culpable for its failure to be represented. Thus, it is not clear whether the district court meaningfully reviewed that motion to set aside or on what basis that motion was denied.

Additionally, the district court did not address whether the entry of default was an appropriate sanction for Defendants' discovery violations. Before imposing

the extreme sanction of default, the district court must consider certain factors.[1] The district court did not address the factors before it granted Plaintiffs' motion and entered default as a sanction, nor did it address the factors when it denied the motion to set aside the entry of default on that basis.

Because the district court denied the motions to set aside the entry of default without addressing the Restaurant's arguments, we vacate the denial and remand.

2. The district court erred in dismissing Plaintiffs' claims against the Joes. A district court may not sua sponte dismiss a plaintiff's claims without providing the plaintiff an opportunity to respond, "unless the plaintiff[] cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637-38 (9th Cir. 1988) (internal quotation marks and alteration omitted). Thus, the district court must take the well-pleaded factual allegations in the light most favorable to the plaintiff to determine whether she could possibly win relief. *Cf. Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Despite having entered default against the Joes, the district court sua sponte dismissed Plaintiffs' claims against them by determining that Plaintiffs failed to

---

[1]These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (alteration and citation omitted).

establish individual liability. In reaching that conclusion, the district court disregarded well-pleaded allegations in the complaint, which allege that the Joes exercised economic and managerial control over the Restaurant and thus were individually liable as employers. Those allegations support a claim against the Joes on which Plaintiffs could possibly win relief. Thus, we vacate the district court's dismissal of Plaintiffs' claims and remand for further proceedings.

**VACATED and REMANDED.**

The parties shall bear their own costs on appeal.

***Zhang v. Bing's Restaurant, Inc.*, No. 17-35596, 17-35600**

R. Nelson, Circuit Judge, concurring in part, dissenting from the result in part:

I concur in the majority's decision to vacate the district court's sua sponte dismissal of Defendants Paul Joe and Sue Joe from the action and to remand because the district court abused its discretion in denying, without analysis, the Restaurant's motion to set aside the default judgment for failure to be represented by counsel. I write separately, however, because I believe the district court abused its discretion in entering default as a discovery sanction and the entry of default was procedurally improper in the first instance.

First, as the majority recognizes, a district court must weigh certain factors before imposing the "extreme sanction of dismissal or default" for discovery violations. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The district court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (citation and internal brackets omitted). Notably, we have held that "[w]hile a district court need not make explicit findings regarding each of these factors, if it does not, the appellate court *must* review the record independently to determine whether the sanction was an abuse of discretion." *Id.* (emphasis added).

1

Applying these factors, I find that the district court abused its discretion in entering default as a discovery sanction. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Id.* Here, however, it is not even clear that the public's interest in expeditious resolution of litigation was best served by entry of default given the parties were actively engaged in settlement discussions and Defendants had requested an extension of the discovery deadlines to further pursue settlement. While hindsight is 20/20, allowing the parties to pursue settlement may have avoided the roughly five years of litigation resulting from the district court's entry of default.

The two "key" factors also weigh in favor of Defendants. As the district court found, Plaintiffs would not be meaningfully prejudiced by allowing this case to proceed on its merits. Moreover, the availability of less drastic sanctions weighs strongly in favor of Defendants. "[W]e have held that the district court abuses its discretion if it imposes a dismissal sanction without first considering the impact of the sanction and the adequacy of less drastic sanctions." *U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 604 (9th Cir. 1988) (internal quotation marks omitted). Only "in exceptional cases, where it is clear that no other alternative would have been reasonable, [may we] affirm a dismissal

2

or default judgment despite the absence of such a discussion." *Id.* Here, despite Plaintiffs seeking lesser sanctions and given that no motions to compel or other discovery motions were filed, the district court did not discuss the availability of lesser sanctions before it entered default. Accordingly, I find the district court abused its discretion in entering default as a discovery sanction and would vacate that order as to all Defendants.

Second, although the parties did not raise the issue,[1] under Federal Rule of Civil Procedure 55(b)(2), "[i]f the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing." Because Defendants appeared by answering the complaint, they were entitled to seven days' notice before entry of default. That notice was never provided as Plaintiffs filed and served their motion for default judgment on June 17, 2014 (the day of the discovery deadline), and the district court entered an order summarily granting the motion on June 18, 2014, without a hearing. "The failure to provide 55(b)(2) notice, if the notice is required, is a serious procedural irregularity that usually justifies setting aside a default judgment or reversing for the failure to do

---

[1] "[A] court of appeals may review issues *sua sponte* . . . where to not do so would be unduly harsh to one or both of the parties." *United States v. Hoyt*, 888 F.2d 1257, 1258 (9th Cir. 1989).

so." *Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366, 369 (9th Cir. 1977). There is good reason for this requirement. It provides a party faced with the extreme sanction of default an opportunity to respond before default is entered. Defendants were given no such opportunity. However, because this issue was not directly raised before the district court or this court, I concur in the majority's decision to remand to the district court for further proceedings as to whether the Restaurant's default judgment should be set aside, on this ground or others.

Accordingly, I would vacate the default judgement as to the Joes, and remand to the district court for further proceedings only on whether to set aside the default judgement against the Restaurant for failure to be represented by counsel.