NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THERESA ORTLOFF, former employee of the Washington State Ferries and a single woman, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DAVE TRIMMER, Chief of the Washington State Ferries; et al., <br><br> Defendants-Appellees. | No. 18-35538 <br><br> D.C. No. 2:16-cv-01257-RSL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted July 12, 2019[**]
Seattle, Washington

Before: BOGGS,[***] BERZON, and WATFORD, Circuit Judges.

Theresa Ortloff sued several Washington State Ferries officials after she was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

discharged from her job as a probationary on-call oiler for the State Ferries. She alleges that she was discharged on account of First Amendment protected behavior and that her Fourteenth Amendment due-process rights were violated. The district court granted summary judgment to the State Ferries officials. We affirm.

1. The district court properly granted summary judgment on Ortloff's First Amendment claims. Ortloff did not submit evidence that would allow a reasonable juror to conclude that the asserted First Amendment protected activity was a substantial factor in her discharge. *See Eng v. Cooley*, 552 F.3d 1062, 1071 (9th Cir. 2009). First, nothing in the record indicates that Ortloff's discharge was connected to any expressive association with Floyd McLaughlin. Second, the record also does not contain any facts connecting Ortloff's discharge to championing the rights of probationary employees generally.[1]

2. The district court also properly awarded summary judgment to the State Ferries officials on Ortloff's Fourteenth Amendment claims. Under the collective-bargaining agreement governing Ortloff's employment, the State Ferries could discharge her for any "bona fide reason(s) relating to the business operation." Employees who can be discharged for any bona fide reason lack a property interest in their employment. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 371–72 (9th

---

[1] Even if there were such a connection, it is questionable whether the First Amendment would protect Ortloff from discharge on that account. *See Connick v. Myers*, 461 U.S. 138, 146 (1983).

Cir. 1990).

Nor can Ortloff make out a Fourteenth Amendment claim based on either the State Ferries' decision to place her on a do-not-hire list, or the reference in a press release to certain "disgruntled former employees." Fourteenth Amendment due-process protections based on government defamation are triggered only when a person is "severely stigmatize[d]" by the government statement. *Hyland v. Wonder*, 972 F.2d 1129, 1141 (9th Cir. 1992). There is no evidence that Ortloff's inclusion on a single employer's do-not-hire list was "genuinely debilitating," as she could obtain jobs elsewhere. *Id.* Nor does the record, viewed favorably to Ortloff, support the conclusion that any member of the public would interpret the press release mentioning "disgruntled former employees" as referring to Ortloff, or that any such interpretation, if it occurred, would be severely stigmatizing.

3. The district court did not abuse its discretion in denying Ortloff's motion for default judgment, based on asserted misconduct by the State Ferries officials during discovery. The district court reasonably concluded that the discovery dispute between the parties was the product of unreasonable behavior on both sides, and that even though the defendants were in part to blame for the impasse, their conduct was not the type of "extreme circumstance[]" that would warrant issuing a default judgment. *United States ex rel. Wiltec Guam, Inc. v. Kahaluu*

*Const. Co.*, 857 F.2d 600, 603 (9th Cir. 1988).

**AFFIRMED.**