**Jehan Zeb MIR, Plaintiff-Appellant,**

v.

**Richard G. FOSBURG, et al.,
Defendants-Appellees.**

**No. 82–5590.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 22, 1982.

Decided April 29, 1983.

es told investigating officers that Nelson was the person who had struck Howard over the head.

Allen M. Gruber, Freeman & Gruber, San Diego, Cal., for plaintiff-appellant.

Peter K. Nunez, U.S. Atty., San Diego, Cal., for defendants-appellees.

Before MERRILL, FLETCHER and FERGUSON, Circuit Judges.

FLETCHER, Circuit Judge:

The panel unanimously agrees that this case is appropriate for submission without oral argument. *See* Fed.R.App.P. 34(a).

Jehan Zeb Mir appeals the dismissal of his claim for improper termination from the Balboa Naval Hospital staff. His suit was dismissed with prejudice for failure to prosecute diligently. Mir commenced the instant action in state court in 1972. The defendants, United States Government officials, removed the suit to federal district court pursuant to 28 U.S.C. § 1442(a).

In 1972, defendants moved for dismissal on the ground that they were protected by the doctrine of official immunity. The district court granted the motion; Mir appealed, and we reversed and remanded for reconsideration in light of then recent Ninth Circuit decisions on the scope of official immunity. *See Mir v. Fosburg,* No. 73–2416 (9th Cir. July 8, 1974) (memorandum decision). On remand, defendants again moved for dismissal for failure to state a claim and for lack of subject matter jurisdiction in the federal court. The district court granted defendant's motion to dismiss on the ground that it lacked jurisdiction. Mir appealed and we reversed and remanded holding that the district court had jurisdiction. *See Mir v. Fosburg,* 646 F.2d 342 (9th Cir.1980). Because the district court had not decided whether the complaint stated facts showing a claim for relief, this issue was remanded with a suggestion that granting Mir leave to amend might be appropriate. *Id.* at 346–47.

On remand, Mir moved to amend his complaint and the district court granted him leave after determining that defendants

would not be prejudiced thereby. In March, 1981, defendants requested that Mir update the answers to interrogatories originally filed in 1975. In January, 1982, the district court notified the parties of a motion calendared for March under Local Rule 237. This rule provides that an action may be dismissed without prejudice unless otherwise ordered if it has been pending more than six months without any proceedings having been taken.[1] At the hearing on the Rule 237 motion, it appeared that, though Mir had served his amended complaint on defendants, he had not filed it with the court, nor had he served updated answers to defendants' interrogatories. The district court, accordingly, dismissed Mir's action with prejudice for want of prosecution. In May, 1982, the district court denied Mir's motion to alter or amend the judgment despite the fact that during April Mir had both filed his amended complaint and answered defendants' interrogatories. Mir filed a timely appeal from the district court's final judgment. We have jurisdiction of the appeal pursuant to 28 U.S.C. § 1291.

## ANALYSIS

A district court's order dismissing an action for lack of prosecution will be reversed only for an abuse of discretion. *Link v. Wabash R.R.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Citizens Utilities Co. v. American Tel. & Tel. Co.,* 595 F.2d 1171, 1174 (9th Cir.), *cert. denied,* 444 U.S. 931, 100 S.Ct. 273, 62 L.Ed.2d 188 (1979). The district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits. *Id.* Although the failure to prosecute diligently may be sufficient to justify dismissal with prejudice, *Nealey v. Transportacion Maritima Mexicana, S.A.,* 662 F.2d 1275, 1280 (9th

Cir.1980); *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir.1976), the cases focus on whether any aspect of the delay prejudiced the defendants, *e.g., Nealey,* 662 F.2d at 1279. The pertinent question, therefore, is whether there has been delay and prejudice to the defendants sufficient to justify dismissal with prejudice. *Id.* at 1280.

We begin our analysis of this question by recognizing that the only relevant delay that could cause the requisite prejudice is that from March, 1981, when appellant received leave to file his amended complaint, until March, 1982, when the motion to dismiss for lack of prosecution was heard. Prior to July, 1980, appellant had prosecuted his cause of action with reasonable diligence as evidenced by two appeals to this court in which he prevailed. Appellant's diligence and the absence of prejudice to the defendant between July, 1980, the time of the second court of appeals decision and March, 1981, the date of hearing on plaintiff's motion to amend is confirmed by the district court's ruling on appellant's motion to file an amended complaint:

> The question before this court on plaintiff's motion to amend is whether the defendants have been prejudiced by the delay in the filing by plaintiff of his motion to amend. *No such prejudice having been found* such that plaintiff's motion to amend should be denied, it is ordered that . . . leave to file [an] amended complaint is hereby granted.

(Emphasis added). Thus, the precise question on appeal is whether there is evidence of prejudice to the defendant accruing between March, 1981, and March, 1982, that would justify dismissal of appellant's suit with prejudice.

We have reviewed the record, the papers filed by the parties in the district court, and the district court's order dismissing Mir's complaint for failure to prosecute. We cannot find in these documents allegations of

---

1. Local Rule 237 provides:

   Actions or proceedings which have been pending in this court for more than six months without any proceedings having been taken therein during such period, may, after

notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk. Such a dismissal shall be without prejudice, unless otherwise ordered.

prejudice occasioned by delay during the relevant period sufficient to justify the drastic sanction of dismissal with prejudice. The court's order of dismissal merely recites the language of Local Rule 237; the memorandum decision on appellant's motion to alter or amend the original order of dismissal provides no additional insight into the district court's reasons for imposing the extreme sanction of dismissal with prejudice.

Arguments that defendants have been prejudiced by delay in this case, with one exception, rest on the assumption that the relevant period of delay commences in 1972.[2] As we note above, this assumption is erroneous. Defendants' only argument that appears to address the delay from March, 1981, to March, 1982, suggests that because plaintiff's amended complaint was not filed promptly in March, 1981, and because the complaint advanced additional theories of recovery, defendants were prejudiced in their efforts to prepare to meet the claims in the amended complaint.

This allegation of surprise is without factual support. Defendants had in hand a copy of plaintiff's amended complaint which was attached to the March, 1981, motion to amend. The district court found that the amended complaint stating additional theories of recovery would not prejudice defendants. Moreover, defendants never sought, formally or informally, to discover further information regarding appellant's amended complaint between March 1981 and March 1982. Thus the prejudice to defendants, if any, is not reflected in the record before us nor does the record reflect that plaintiff was afforded any opportunity to avoid creating such prejudice, if any. Finally, the district court did not in any way warn plaintiff that his inaction risked dismissal of his suit. We cannot, therefore, approve the dismissal of appellant's suit in this case.

Appellant's papers filed in opposition to the motion to dismiss reflect a request that the district court impose a discovery and trial schedule that will lead expeditiously to a hearing on the merits of appellant's complaint. We think such a procedure a far more appropriate response to the delay in this case than the sanction of outright dismissal with prejudice. *See Nevijel v. North Coast Life Insurance Co.,* 651 F.2d 671, 674 (9th Cir.1981) (dismissal with prejudice under Fed.R.Civ.P. 41(b) for failure to comply with Fed.R.Civ.P. 8(a) & (e) upheld where district court explored all reasonable alternatives to dismissal with prejudice first). Were the plaintiff to fail to comply with such a schedule without cause, the sanction of dismissal might then be appropriate. In any event, dismissal with prejudice is not justified at this juncture.

Accordingly, the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

---

**2.** Defendants also cite numerous cases for the proposition that delay alone, regardless of actual prejudice, necessitates dismissal of a plaintiff's complaint. We cannot agree. The proposition established by these cases is that the length of delay may be an indication that prejudice has occurred. *See, e.g., Nealey v. Transportacion Maritima Mexicana, S.A.,* 662 F.2d 1275, 1279–80 (9th Cir.1980); *Moore v. Telfon Communications Corp.,* 589 F.2d 959, 967–68 (9th Cir.1978) (stating that delay alone may justify dismissal but proceeding to focus on and discuss the question of prejudice arising from delay).