105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John P. SULLIVAN, Plaintiff-Appellant,
v.
Thomas BURKLAND; Landis Berthiaume; Arthur J. Balazs;
McDonnell Douglas Aircraft; David O. Swain, an
Individual Acting in Capacity of
McDonnell Douglas Corporation,
Defendants-Appellees.
 No. 94-56298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Dec. 19, 1996.
 
 Before PREGERSON, CANBY and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John P. Sullivan appeals pro se the district court's dismissal of his action against his former employer McDonnell Douglas Corporation and certain of its employees. In his complaint, Sullivan alleged claims under California state law for intentional infliction of emotional distress and wrongful discharge.[1] The district court dismissed the complaint for failure to state a claim. Because Sullivan had not appeared at the noticed hearing of the motion to dismiss, the district court was unable to determine whether Sullivan might be able to plead facts in an amended complaint that would state a claim. The district court accordingly dismissed the action, with prejudice, for failure to prosecute.
 
 
 3
 We agree with the district court that Sullivan's complaint failed to state a claim. Sullivan alleged that McDonnell Douglas discriminated against him by terminating him from his position as an Industrial Engineer and subsequently filling the position with a younger, less qualified individual. The complaint fails to allege that Sullivan was discriminated against because of his age, although it does seek redress for "wrongful acts against Senior Citizens in California."
 
 
 4
 It is not apparent from the complaint, however, that Sullivan could allege no set of facts that would state a claim. California's Fair Employment and Housing Act ("FEHA") provides that freedom from job discrimination based on age constitutes an unfair employment practice. See Cal.Gov't Code §§ 12920, 12941 (1992). It therefore appears that FEHA may provide Sullivan with an avenue by which to bring his claim for wrongful discharge.
 
 
 5
 The defendants argue that no FEHA claim could be maintained because Sullivan did not allege that he exhausted administrative remedies by filing an administrative complaint with the appropriate agency and obtaining a notice of right to sue. See Okoli v. Lockheed Technical Operations, 43 Cal.Rptr.2d 57, 60 (1995). Sullivan's complaint, however, alleged that "he has exhausted all administrative requirements" and "comes with a right to sue." We cannot say that Sullivan would be unable to eliminate any imprecision in the allegation of exhaustion in a subsequent complaint.
 
 
 6
 Because it is not clear that Sullivan could prove no set of facts in support of his claim for age discrimination, he normally would have been entitled to file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Because Sullivan did not appear at the hearing on the motion to dismiss, however, the district court dismissed his action for failure to prosecute.
 
 
 7
 We review for abuse of discretion the district court's dismissal for failure to prosecute. See Link v. Wabash Railroad, 370 U.S. 626, 633 (1962). Although the district court is generally required to warn the plaintiff that dismissal may result, we have held that the district court need not do so in situations where the party had simply been dilatory in filing papers to move the case forward. See Oliva v. Sullivan, 958 F.2d 272, 273-74 (9th Cir.1992). We conclude that, where the plaintiff fails to appear in answer to a noticed hearing on a motion to dismiss, the district court did not abuse its discretion in dismissing for lack of prosecution.
 
 
 8
 Dismissal with prejudice, however, was an undue sanction. In the absence of a showing of prejudice to the opposing party, a dismissal with prejudice is unwarranted. Mir v. Fosburg, 706 F.2d 916, 918-19 (9th Cir.1983). Burkland's motion to dismiss was granted when Sullivan failed to appear at the hearing on the motion; there is no showing that Burkland suffered prejudice by Sullivan's absence. Sullivan's failure was not the equivalent of failure to appear for trial, which inevitably prejudices the opposing party and interferes to the maximum extent possible with the court's docket. See Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir.1996). We conclude, therefore, that the district court abused its discretion in ordering the dismissal for lack of prosecution to be with prejudice.
 
 
 9
 Accordingly, we affirm the district court's dismissal of the action, but vacate the district court's order and remand with instructions to dismiss the action without prejudice. Each party will bear its own costs.
 
 
 10
 AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sullivan brought his action in California state court and the defendants removed the action, over Sullivan's objections, on the basis of diversity of citizenship. In his opening brief, Sullivan states that he does not seek redress under either Title VII or the Age Discrimination in Employment Act