COLUMBIA FALLS ALUMINUM COMPANY; **Brack Duker; Jerome Broussard, Plaintiffs—Appellants,**

v.

WAUSAU UNDERWRITERS INSURANCE COMPANY; **Employers Insurance of Wausau, Defendants—Appellees.**

No. 00–35613.

D.C. No. CV–95–00065–CCL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2002.

Decided May 31, 2002.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Teilborg, J., concurred and filed opinion.

* The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

Before ALARCÓN and SILVERMAN, Circuit Judges, and TEILBORG, District Judge.*

MEMORANDUM **

Columbia Falls Aluminum Company, Brack Duker, and Jerome Broussard (collectively "CFAC") appeal the district court's dismissal with prejudice for failure to prosecute their insurance coverage action for failure to indemnify and defend. On appeal, CFAC argues the district court erred: (1) in finding that there had been unreasonable delay; (2) in concluding that dismissal with prejudice was appropriate; (3) in not permitting discovery to allow CFAC to demonstrate lack of prejudice; and (4) in dismissing prior to the preliminary pretrial conference. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand. As the parties are familiar with the factual and procedural history of this case, we need not recite it in full here.

We address first CFAC's argument that the district court erred in dismissing the case with prejudice for failure to prosecute, as resolution of this issue makes it unnecessary to reach the other issues raised. A dismissal pursuant to Rule 41(b) is reviewed for abuse of discretion. *Al-*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Torki v. Kaempen,* 78 F.3d 1381, 1384 (9th Cir.1996).

■■■ The district court concluded that dismissal was appropriate based on two of the five *"Henderson"* factors: risk of prejudice to defendants and availability of less drastic sanctions. *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986). Risk of prejudice to defendants was found based on the time period elapsed since the events underpinning the case took place, six to thirteen years. However, the relevant inquiry is not whether the *age* of the case or of the underlying events has caused a risk of prejudice to defendants, but rather whether CFAC's *failure to prosecute—* their unreasonable delay is pursuing the case—has caused prejudice. *See Mir v. Fosburg,* 706 F.2d 916, 918 (9th Cir.1983). It is undisputed that there is a reasonable explanation for most of the delay and that only a small portion of the time can be attributed to less than diligent pursuit of the case.

While the district court properly engaged in a "reasonable exploration of possible and meaningful alternatives," *Anderson v. Air West, Inc.,* 542 F.2d 522, 525 (9th Cir.1975), the dismissal with prejudice was erroneously based on the entire length of the time the case was pending, rather than on the period of delay chargeable to the plaintiffs.

At the point this case was dismissed, a conference had been scheduled and CFAC had found new counsel after a period of inactivity. This is not a case, then, in which a defendant moves for dismissal for failure to prosecute after a long period of dormancy; rather, it is one in which the defendants move for dismissal soon after a previously dormant case has been put back on track. Furthermore, other factors suggest that dismissal with prejudice was an unnecessarily harsh sanction: the lack of warnings to the plaintiffs, the reasons for the delay, and the absence of any details as to how the defendants had been prejudiced.

It is significant to note that, in bringing their motion to dismiss below, defendants never made any specific claim of actual prejudice. Defendants never identified a witness who had become unavailable, documents that had been destroyed, or anything of the sort. This does not mean that they are foreclosed from demonstrating prejudice on remand, and nothing in this disposition should be deemed to limit the district court's discretion over how the case is to proceed. The district court retains the entire panoply of sanctions and remedies that, in its sound discretion, it may invoke to redress any actual prejudice that may come to light.

We therefore hold that the district court erred in dismissing with prejudice for failure to prosecute, and remand to allow the suit to proceed in the normal course.

REVERSED AND REMANDED.

TEILBORG, District Judge, concurring.

TEILBORG, District Judge.

I agree with the majority that the case should be remanded for further consideration. In applying the third prong of the *Henderson* test, which is risk of prejudice to the defendant, the district court considered the entire period of time that had elapsed since the underlying facts giving rise to the case. *See Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986). I agree with the majority that this was error and that in considering potential prejudice to the defendants, the court should only consider the period of the unreasonable delay. (Conversely, the district court may consider the entire length of the case in considering the burden the case has been on the court's docket. *Id.* at 1424.)

Nonetheless, I agree with the district court that a period of unreasonable delay

occurred from when the underlying case settled until the court set a hearing on the matter, a period of 22 months. Under *Henderson,* this unreasonable delay entitles the defendants to a presumption of prejudice. I believe the district court properly gave the defendants the benefit of the presumption. However, the plaintiffs should have had the opportunity to rebut the presumption. *See In re Eisen,* 31 F.3d 1447, 1453 (9th Cir.1994).

The district court did not give the plaintiffs the opportunity to try to rebut this presumption once the court found unreasonable delay. While I believe that the fading of memories and the relocation of witnesses is probably inevitable over a 22 month period, the plaintiffs are, nonetheless; entitled to do very limited discovery in their effort to rebut this presumption. If the plaintiffs cannot rebut this presumption, then dismissal for failure to prosecute would be appropriate.